LEWIS, Defendant in Error, v. NUCKOLLS *et al.*, Plaintiffs in Error.

1. The general assembly by an act approved November 15, 1855 (Local Sess. Acts, 1855, p. 109) granted to one A. an exclusive right to keep a ferry on the Missouri river within certain limits, and provided that a failure to comply with the requisites of the charter should be sufficient to authorize the county court to establish another ferry within said limits. B. applied to the county court for a ferry license within the limits of A.'s cnarter. A. opposed the granting a license to B. The county court granted a license to B. A. appealed to the circuit court, which affirmed the judgment of the county court, refusing to try the question anew upon the facts. *Held*, that, conceding that an appeal would lie, although none was provided for in the act, the court was not bound to try the cause anew.

*Error to Holt Circuit Court.*

*Loan*, for plaintiff in error.

I. An appeal lay to the circuit court to reverse the informal judgment of the county court declaring a non-compliance with the terms of the charter. (Sanders v. Rains, 10 Mo. 173.) The court erred in affirming the judgment of the county court. At the time of the rendition of said judgment said court had no jurisdiction of the persons of said Nuckolls; nor had it jurisdiction of the subject matter of the suit, to-wit, the charter. So far as it declared that the Nuckolls had not complied with their charter, it should have been reversed. A non-compliance with the charter could only be judicially declared in a direct proceeding against the Nuckolls for that purpose.

*Gardenhire*, for respondent.

I. The judgment of the county court was properly affirmed. The evidence in that court was not properly saved. It does not appear that what was saved was all the evidence. The circuit court could only act on the evidence before the county court. (County Court of St. Louis v. Sparks, 11 Mo. 202.) The charter expressly gave the county court authority to grant licenses within the charter limits for a breach of the charter. The plaintiffs in error appeared to the proceeding, opposed the grant, were fully heard, and the case was decided against them. This was an end of it. There is no pretence that there was a compliance with the charter.

II. The charter provided no mode for compensating land owners within two miles of the chartered ferry for their right to keep a ferry on their own land, which the charter attempted to take away. Is not this in violation of the constitution?

NAPTON, Judge, delivered the opinion of the court.

In November, 1855, Heath Nuckolls and Stephen F. Nuckolls procured from the legislature a charter to establish a ferry on the Missouri river, in Holt county, which was to continue for fifteen years, and gave them exclusive ferry privileges for four miles up and down the river. The county court of Holt county was to fix the rate of ferriage, to take the necessary bonds, and were also empowered by the act to license other ferries within the prescribed limits in the event that the Nuckolls failed to keep up their boat in the manner the charter directed. At the November term of the Holt county court, 1856, Lewis applied for a license to keep a ferry on his own land within the limits of Nuckolls' charter. The two Nuckolls appeared and opposed the grant, but the court upon the evidence submitted decided that H. and S. F. Nuckolls had failed to keep a boat and hands according to their charter, and therefore ordered that Lewis have a license. A motion was made by the Nuckolls to set this judgment aside, but the motion was overruled, and they appealed to

the circuit court. Upon trial in the circuit court, a bill of exceptions, which had been taken in the county court and which purported to contain all the evidence upon which that court had acted, was the basis of the action of the circuit court, and, without hearing the case anew as was proposed, the circuit court affirmed the judgment of the county court. There was a motion for a new trial and also in arrest of judgment, but both were overruled.

The judgment of the circuit court must, in our opinion, be affirmed. Conceding that an appeal lay to the circuit court, the only effect it had was to take the record up to that court as a *certiorari* would. No power was given by the charter or by the general law regulating the supervising control of the circuit court over the county courts to authorize the circuit court to try the case upon the facts.

It is urged here that the county court had no jurisdiction over the question of forfeiture of the charter because the Nuckolls were not notified. The record shows that they were present, and resisted the application of Lewis, and that they took the appeal. Whether they appeared voluntarily or by summons is immaterial.

The other judges concurring, the judgment is affirmed.