BERNARD *et al.*, Plaintiffs in Error, v. CALLAWAY COUNTY COURT, Defendant in Error.

1. Under the general law concerning roads and highways, (R. C. 1855, p. 1390, § 20,) only those persons who own land through which the route of a state road is located and who consider themselves aggrieved by the assessment of the commissioners can object in the county court to the approval of the report of the commissioners locating the road.
2. Parties aggrieved by the location of a state road have a right of appeal to the circuit court. Since, however, there is no provision authorizing the signing of bills of exceptions in such cases, the circuit court must affirm or reverse on the record alone.

*Error to Callaway Circuit Court.*

*Hardin*, for plaintiffs in error.

I. Defendants had the right of appeal from the county to the circuit court. (The county of Cooper v. Geyer, 19 Mo. 257.)

II. The appeal was taken in due form of law and the court committed error in dismissing the appeal.

SCOTT, Judge, delivered the opinion of the court.

This was a proceeding under a special act, passed February 16, 1857, (Sess. Acts, 1857, p. 811,) entitled " An act to establish a state road in Callaway and Audrain counties." The act directed that the contemplated road should be opened and kept in repair under the law in force at the time in the counties in which it is located. It does not appear that any other than the general road law was in force in those counties. The commissioners appointed by the aforesaid act made their report to the Callaway county court at the December term, 1857 ; whereupon, as the record states, Thomas Bernard and others appeared by their counsel and objected to the approval of said report, but their objections were overruled and the report approved. An appeal was thereupon taken to the circuit court, where the appeal was dismissed, and this writ of error was sued out.

Admitting that the objectors were entitled to a writ of error on the judgment of the circuit court, there is nothing preserved in the record from which this court can see that they have been aggrieved by the action of the commissioners. The twentieth section of the second article of the act concerning roads and highways (R. C. 1855, p. 1390) provides that any person owning lands through which the route of a state road is located, who shall consider himself aggrieved by the assessment of the commissioners, may, by himself or agent, at the next term of the county court after and to which the report of the commissioners may be made, file his objections to such assessment. The subsequent sections of the act prescribe the course to be adopted upon the making of such objections. Now there is nothing in the record which shows that any objections to the assessment were made by those through whose land the road was located. Under such circumstances there was nothing for the county court to do but to confirm the report. Had the objections required by

law been made in order to have a revision of the action of the commissioners, it would have been the duty of the court to have taken the course directed by the statute; but in the absence of all specific or even general objections to the assessment, there was nothing left to be done but to confirm the report.

As we consider the parties were entitled to an appeal to the circuit court, the appeal should not have been dismissed, but the judgment of the county court should have been affirmed, as on the appeal nothing was before the circuit court but the record of the county court, as the statute allowing appeals and writs of errors in such cases has as yet provided no way by which the evidence before the county court shall be preserved so as to be used in the circuit court. (Lewis v. Nuckolls, 26 Mo. 278.) But as, by dismissing the appeal, the same result has been attained as would have followed an affirmance of the judgment, we see no cause for disturbing the action of the circuit court.

Affirmed. Judge Richardson concurs. Judge Napton absent.