DOLORES C. THELEN, PETITIONER, v. ELMER EKBERG AND EVELYN MARIE EKBERG, RESPONDENTS.—167 S. W. (2d) 645.

Kansas City Court of Appeals.  November 2, 1942.

R. W. *Cummins* and *Chas. N. Sadler* for petitioner.

260

*Duvaul P. Strother* for respondents.

SHAIN, P. J.—This action is one in *habeas corpus* wherein Dolores C. Thelen is petitioner, asking that her minor son, alleged as being unlawfully held by Elmer Ekberg and Evelyn Marie Ekberg, be returned to her custody.

There are incidents touching the controversy herein from which we conclude that, to a more clear understanding of the issues, they will be better understood by a brief comment on the nature and scope of a writ of *habeas corpus*, and a chronological summary of the record events leading up to this action.

*Habeas Corpus Ad Subjiciendum* is an extraordinary writ remedial in its nature, that from a time that memory runneth not to the contrary, has been maintained as a writ of right by the English speaking race. Such writ is our inheritance from the common law and no delegation of power has been given by the sovereign people of the United States, to either National or State Government to suspend the right of the writ. The purpose of this writ at common law, and as adopted in the United States, is to prevent restraint of personal liberty without due process of law. To our constitutional courts the people have delegated the duty to maintain the right of the writ. The admonition of the law is enforcement of the right without unnecessary delay. The decree enforcing this common-law right is immediate and self-executing and *res judicata* of the matter determined, and there is in the State of Missouri no provision for an appeal.

Such is the common-law writ.

However, in Missouri and many other States of the union, the writ of *habeas corpus* has been declared as a lawful means of adjudicating of matters wherein the custody of children is involved. This adopted use of the writ has caused some confusion in that the welfare of the child, rather than restraint without due course of law, is the controlling feature. The writ, however, retains all of the prerogatives of the common-law writ, as to being self-executing, *res judicata* and exclusion of appeal. Further, the mandate for speedy decision is

affected by the inclusion of consideration of welfare of child, wherein the procedure partakes of the nature of equity.

The chronological facts, as shown by the record, giving rise to this action, are as follows: Approximately ten years ago there was born to Dolores McAvoy, in a hospital in Kansas City, Missouri, a natural son. Shortly thereafter the child was taken and turned over to Mrs. Evelyn Ekberg, a sister of the mother of said child, and to her husband, Elmer Ekberg. Thereafter, there appears to have been an instrument of writing, executed and acknowledged by the mother of the child, and delivered to Mr. and Mrs. Ekberg, purporting to convey all interest and custody of said child to said parties.

Under the aforesaid situation, Mr. and Mrs. Ekberg, for a period of ten years, retained the custody of said child and cared for its needs as a member of their family.

It appears that the mother of said child, christened "Jerry," subsequently married one William H. Thelen.

It appears that the aforesaid husband, William H. Thelen, did, on June 10, 1942, file a petition to adopt the child, Jerry, and that on the same day Dolores, his wife and mother of Jerry, filed her written consent to said adoption and further asked the court to protect her natural rights in her child. On the same day a guardian *ad litem* was appointed and made report, on a printed form, on June 11, and decree of adoption was had on June 11, 1942.

It appears that Mr. and Mrs. Ekberg who, at the time were living in Clay County, Missouri, had no notice whatever of the above and foregoing procedure and, learning of the same before the term of court had closed, filed motion to set aside, which motion to set aside was taken up on August 22, 1942, and at the same term, the court on said date set aside the decree of adoption upon its own motion, assigning as reason that a fraud had been perpetrated on the court and set August 27, 1942, for hearing.

Referring back, to keep chronological order, it is shown that on August 11, 1942, Dolores C. Thelen and William H. Thelen applied for a writ of *habeas corpus* to Judge CAVE, one of the judges of the Kansas City Court of Appeals, acting in vacation. The petition for aforesaid writ charged that her child, Jerry, was being unlawfully detained by Elmer E. and Evelyn M. Ekberg. The petition in the above case made no mention of the adoption proceeding of June 11, 1942.

The Ekbergs filed answer in the above proceeding wherein they joined issue, alleging their long possession of the minor child, and disclosed fact of adoption proceeding of June 11, 1942. Further, the answer informed the court that the Ekbergs had no notice of said adoption proceeding until after the aforesaid decree had been made and that they had been requested by the judge of the court, wherein order was made, to file a motion to set the said decree aside, and that said motion had been duly filed and was pending in Division 7 of the Circuit Court of Jackson County, Missouri. Under the facts admitted,

the question involving the general welfare of the child was pending in a court of competent jurisdiction, the proceeding before Judge CAVE resolved itself as an issue in *habeas corpus* at common law. In other words, matters of fitness of parties and welfare of minor child, pending in another court, were not considered by Judge CAVE. Judgment was on the pleadings for the reason that, as the law now is, and was, at the time of the birth of said minor, a delivery of a minor child from one person to another, based upon either an oral or written agreement between the parties, is not a legal transfer. Such change of custody of minors must be under the supervision of a court of competent jurisdiction.

The decree rendered by Judge CAVE in the above matter on August 19, 1942, was conclusive of the question of legality of proceedings between the parties shortly after the birth of said minor.

On August 27, the time set for hearing of adoption matter, Thelen filed motion for change of venue, and the Ekbergs, on the same day, filed a petition to adopt. A change of venue was allowed on said August 27th and the cause sent to Division 6 of the Circuit Court of Jackson County, Missouri.

On August 31, and in Division 6, the Ekbergs asked to be and were made parties to the proceeding and, by leave of court, were permitted to and did file an amended petition to adopt the child in question. Motion to strike Ekbergs' petition was filed by Thelen on same date, and on said date overruled.

On September 2, 1942, William H. Thelen filed his answer and on the issues thus made, trial was had by the court. At the trial evidence was heard, Dolores C. Thelen, the mother, was called and testified in the case.

The judgment on the petition of William H. Thelen appears as follows:

"Now, on this 2nd day of September, 1942 the petition of William H. Thelen for the adoption of the minor child, Jerry McAvoy, coming on for hearing, and the report and Answer of Richard B. Kirwan, guardian *ad litem* for said child in these proceedings, having been filed herein, and the said minor Jerry McAvoy, being present in person and by said guardian *ad litem*, and the evidence being heard, and the court fully advised in the premises, find that it would NOT be for the best interest and welfare of the said minor child, Jerry McAvoy, that the prayer of said petition be granted.

"WHEREFORE, it is ordered, adjudged and decreed by the Court that the prayer of the petition filed by William H. Thelen, for the adoption of the minor child Jerry McAvoy, in these proceedings be and the same is hereby denied, and said petition is hereby dismissed."

Immediately following above, the decree continued as follows:

"NOW, there is submitted to the court the petition of Elmer E. Ekberg and Evelyn Marie Ekberg filed in this proceeding, praying for the adoption of the minor child, Jerry McAvoy, and this cause now

coming on for hearing upon said petition of Elmer E. Ekberg and Evelyn Marie Ekberg, and the guardian *ad litem* Richard B. Kirwan, esquire, for said minor child Jerry McAvoy, having filed his report and Answer herein, and the said Jerry McAvoy, minor, being present in person and by said guardian *ad litem,* and the petitioners, Elmer E. Ekberg and Evelyn Marie Ekberg being present in person and by attorney, and Dolores Thelen, mother of said infant minor being present in person and by attorney, and the evidence having been heard and the court being fully advised in the premises finds:''

Immediately following the above, the court's findings and decree are set forth. The facts found by the court, briefly stated, are: The court found that Dolores C. Thelen, the mother, had, for a period of more than two years prior to filing of petition by the Ekbergs, wilfully relinquished and released the care and custody of the child to the Ekbergs and had wilfully neglected to contribute to the support and provide proper care and maintenance of said minor child, and had wilfully abandoned the child for a period of over two years prior to the institution of adoption proceedings, to-wit: ten years. The court further found that the best interest and welfare of the child, under the evidence, would be protected by granting the petition of the Ekbergs.

The conclusion of the decree is as follows:

''It is therefore ADJUDGED, ORDERED AND DECREED that from the date of this Decree, said child shall, to and for all legal intents and purposes become and be the child of Elmer E. Ekberg and Evelyn Marie Ekberg and that the name of said child shall be changed to Gerald Ekberg.

''It is further adjudged, ordered and decreed that the natural parents of said child shall, in nowise hereafter have any right or claim to or for the services, wages, control, custody or company of said child.''

After the rendition of the above decrees, Dolores C. Thelen, the mother, filed motion to modify the judgment.

As pertinent to matters, *ante,* the above motion informed the court that she (petitioner), after being advised by a lawyer that she had right to custody, consulted another attorney when she was told that the way to get custody and possession of the child was for her husband, William Thelen, to adopt Jerry McAvoy for her.

The court overruled motion to modify and thereafter William H. Thelen, the husband, filed his separate motion for appeal and Dolores C. Thelen, the mother of said child, also filed a separate motion for appeal. Said appeals were duly granted and the cause sent to the Kansas City Court of Appeals, and is now pending in this court.

The above narration of events has been compiled from documentary evidence presented by proponent and admissions made in a hearing on the *habeas corpus* proceeding filed in this court by Dolores C. Thelen, after the matters of adoption had been determined in the

circuit court and appeals duly taken and perfected, lodging the case for review in this court.

Dolores C. Thelen filed in this court, on September 24, 1942, a petition for *habeas corpus,* wherein Elmer Ekberg and Evelyn Marie Ekberg are made defendants. The petitioner but makes general allegations of unlawful restraint of her minor son, Jerry McAvoy, by Mr. and Mrs. Ekberg, and asks that said Jerry McAvoy be discharged from said unlawful restraint and turned over to her. No mention is made in said petition of any adoption proceeding, and not until Mr. and Mrs. Ekberg were brought into court and filed answer, was the question of legality as to adoption put in issue. Mr. and Mrs. Ekberg in answer defended by allegations of adoption by decree of circuit court on September 2, 1942.

In reply to the answer of the Ekbergs the petitioner, Dolores C. Thelen, filed a long pleading making allegation controverting the findings of the facts found by the court in the adoption proceedings aforesaid, and further alleged that the circuit court had no jurisdiction to render the judgment therein by reason of the facts that no proper service, as provided by section 9611, Revised Statutes 1939, had been served upon her in said adoption proceedings, and challenged the jurisdiction of the circuit court in said matter on the alleged ground that the action of permitting the Ekbergs to intervene was in derogation of section 9608, Revised Statutes 1929.

No proof was made concerning the matters stated at length in Dolores C. Thelen's reply and the issue was presented for determination on jurisdictional questions, *supra,* alone.

## Opinion.

The petitioner herein has filed brief and suggestions in support of her contention.

It is first contended that statutes relating to adoption must be strictly or substantially complied with.

It is further contended that decree changing custody of child or adoption may be attacked collaterally.

The above contentions present abstract fundamental principles of law. However, as the decree of adoption has been appealed from and is now pending in this court, contention number one is available on submission of case on appeal.

As to number two, the decree of adoption is herein being attacked collaterally by the petitioner and no objections are being made against such procedure. However, the collateral attack herein is directly and specifically made as to question of service and the right of intervention on the part of defendants herein. In other words, the petitioner is herein challenging jurisdiction of the circuit court on above two specific points.

The issues upon which petitioner submitted her case and her contention thereon are clearly expressed in her point three, and subheads a and b, as follows:

"The decree of adoption entered by Judge RIDGE changing the custody of Jerry McAvoy from his mother, the petitioner herein, to the defendants herein is void, for the following reasons:

"(a) A petition for adoption is an independent proceeding, and cannot be filed as an intervening petition in an adoption proceeding then pending by some other person, and a decree rendered on such petition is void.

"(b) Even in a proper proceeding, the decree herein is void because the petitioner herein, who is the natural mother of said child, in whose custody and possession he then was, did not sign a written consent for defendants to adopt him, and was not served by writ of summons."

Under subhead c petition presents as to *res judicata* and under subhead d the contention is based upon allegation of failure of the trial court to make finding as to fitness or unfitness of mother of child.

The above two questions are pertinent on appeal and, if presented therein, will be duly considered.

Upon her contention subhead a, *supra,* petitioner only makes citation to sections 9608-9611, Revised Statutes 1939. We have carefully read the statutes cited and the citations therein shown and find no language in the statutes and no case cited wherein there is any expression that tends to uphold petitioner's contention.

The general rule as to intervenor is that any person who has an interest in the subject-matter may, by leave of court, file intervening petition. We find no exceptions to the above rule. We conclude that the defendants herein, who, under facts shown in the record before us, took the minor child shortly after birth, with consent of the mother, and cared for and reared said infant child and supplied its need for a period of approximately ten years, had such an interest in the adoption proceedings commenced by William H. Thelen as entitled them to intervene in the case.

As to the situation presented by the record herein, we conclude that touching the question of the welfare of said infant child, and considering the duties the defendants had performed for said child, they were at least proper parties to the aforesaid action of adoption by William T. Thelen.

We conclude that the contention made in subhead a, is not well taken.

As a solution of petitioner's subsection b, the Supreme Court of Missouri, in an early opinion, gave expression in Lewis v. Nuckolls, 26 Mo. 278, l. c. 280, as follows:

"It is urged here that the county court had no jurisdiction over the question of forfeiture of the charter because the Nuckolls were

not notified. The record shows that they were present, and resisted the application of Lewis, and that they took the appeal. Whether they appeared voluntarily or by summons is immaterial."

It has long been the rule in Missouri that it is immaterial, insofar as jurisdiction is concerned, whether a party appears voluntarily or by summons.

From a reading of the record before us, it is reasonable to infer that the petitioner herein joined in an attempt to hurry through adoption proceeding wherein knowledge of vital facts involved was withheld from the court and without any knowledge of the proceedings being known by Mr. and Mrs. Ekberg who had been in custody and caring for the child for a period of ten years. Further, the petitioner herein did not confine herself to merely filing her consent, but went further and invoked judicial action on the part of the court to protect her natural rights in her natural child. Further, petitioner herein appeared as a witness, filed a petition to modify the decree, made separate affidavit for appeal, which was granted.

The question of petitioner's written consent is before us in the appeal.

We conclude subpoint b against petitioner.

In conclusion, it must be understood that our judgment herein is only conclusive as to questions directly raised and we purposely avoid discussion and conclusions pertinent to the appeal lodged in this court.

Based upon conclusion stated above, the applicant's petition for *habeas corpus* is denied.

All concur.