STATE OF MISSOURI, EX REL., GEORGE ALLEN WALKER, AND VELDA WALKER, RELATORS v. EMMETT J. CROUSE, JUDGE OF THE CIRCUIT COURT OF BUCHANAN COUNTY, MISSOURI, RESPONDENT.—205 S. W. 2d 749.

Kansas City Court of Appeals. Opinion delivered Nov. 10, 1947.

*F. J. Frankenhoff, J. V. Gaddy* for relators.

*Ellis G. Cook* for respondent.

ORIGINAL PROCEEDING IN PROHIBITION.

CAVE, P. J.—By our writ of prohibition, the relators seek to prohibit the respondent, Emmett J. Crouse, Judge of the Circuit Court of Buchanan County, from further exercising jurisdiction in a proceeding of habeas corpus, wherein one James Williams, as petitioner, seeks to obtain the custody of his two minor children, James Franklin Williams, Jr. and Ronald Allen Williams. Upon application being filed, a preliminary rule was entered requiring respondent to show cause, and he in due time made his return. Relators then moved for judgment upon the pleadings, thus presenting questions of law based upon the facts well pleaded.

The material facts are: One James Williams and Blanche Walker were married sometime prior to 1939, and there were two children born of that marriage, namely, James Franklin Williams, Jr. and Ronald Allen Williams. On February 21, 1939, Blanche Williams obtained a decree of divorce from James Williams, and the decree, among other things, awarded her the custody of said children. That judgment has not been modified. Thereafter, she and the children went to live in the home of her parents, relators herein. Sometime later Blanche Williams died, and it is alleged, by relators, that before her death she executed her written consent to the adoption of said children by relators. On February 24, 1947, James Williams instituted a proceeding by habeas corpus in the Circuit Court of Buchanan County seeking the custody of the two children and making these relators defendants. In due time they filed their return to said writ and, among other things, pleaded the decree of divorce awarding custody of the minors to Blanche Williams and challenging the jurisdiction of the court to hear such habeas corpus proceeding, "* * * for the reason that the sole jurisdiction for the custody of said children was *in the court* and *in the proceedings* wherein the divorce was granted, and could only be determined by that court in a motion to modify the decree of divorce, and not in a separate petition for habeas corpus." Respondent (the Circuit Judge) denied such plea to his jurisdiction and proceeded to hear the cause and awarded custody of the minor children to their father, James Williams, and is threatening to enforce that decree. Thereupon, relators filed their petition for prohibition in this court, alleging that respondent had no jurisdiction to enter the decree, which was entered in the habeas corpus proceeding, and that there was no appeal from such void judgment and their only relief was by prohibition proceedings in this court.

The vital question is whether respondent had jurisdiction to award the custody of the two minor children to their father in the habeas corpus proceeding filed before him, notwithstanding the fact that it is conceded that a court of equal jurisdiction had awarded

the custody of the children to their mother in a divorce proceeding, after which she died. We are not concerned with the merits of the case, but only with the question of jurisdiction.

Relators rely principally upon a decision by the Springfield Court of Appeals in Edwards v. Engledorf, 180 S. W. (2d) 603. That opinion does lend support to relators' contention. But we find an opinion by the same court, on a set of facts practically identical with the facts presented to us, in which the court explains what is meant by the decision in the Edwards case. (See State ex rel. Stearns, et al. v. White, 189 S. W. (2d) 205.) In the last case the court arrived at a conclusion contrary to relators' contention and in accord with our conclusion herein.

However, we approach the question on a somewhat different theory than that advanced by the Springfield Court of Appeals. The overwhelming weight of authority is to the effect that where the custody of children is granted to their mother by a decree of divorce, such custody does not forever cut off and bar the father's right to their custody so long as the decree is unmodified, but only establishes the right of custody between the two spouses *during their lives*, and that upon the death of the mother her right does not descend nor can it be transmitted, but that the natural right of the father to the custody of his children is revived, provided, of course, he is a suitable person. 128 A. L. R., p. 990; 74 A. L. R., p. 1352, et seq.; 17 Am. Jur., p. 524, Sec. 689; 39 Am. Jur., p. 615.

In In re Lydia Blackburn, an infant, 41 Mo. App. 622, this court followed the great weight of authority, and said (630): "We hold, then, that the judgment of the court in the divorce case does not operate as a conclusive bar to the petitioner's rights, as father, to the custody of the infant, Lydia. *It had only that effect as between Blackburn and his divorced wife, while she lived.* * * * She is now dead, and the father's right of custody has been relieved of that paramount right of the mother. His is the only claim (as parent) now to be considered." (Italics supplied.) To like effect is the holding in In re Ingenbohs, 173 Mo. App. 261; In re Smith, 197 Mo. App. 200; Thompson v. Arnold, 208 Mo. App. 102, 106. The theory upon which these opinions are based is that upon the death of the wife the *divorce decree*, in so far as the custody of the children is concerned, is "abated" or, as some courts say, is 'dead", and the surviving spouse is restored to all his natural rights to the custody of his children as against all third persons, if he is a suitable person to have such custody.

The relators herein (the grandparents) were not parties to the divorce proceeding and acquired no rights thereunder. They were strangers to such proceedings, and when they refused to surrender custody of the children to the surviving parent, their natural guardian, he had a perfect right to proceed by habeas corpus in any

court having jurisdiction of the parties at that time to secure such custody.

There are many cases which hold that where the parents have been divorced and *both are still living*, then it is necessary to go into the court granting the divorce in order to have the decree awarding custody modified, but those cases have no application to the question confronting us.

We conclude that the respondent had jurisdiction to award the custody of these children in the habeas corpus proceeding in his court.

It follows that our preliminary rule in prohibition should be and is discharged, and permanent writ refused.

All concur.