In the Matter of Brenda Lou Wakefield, Frank Wakefield, Petitioner, v. Clarence Thorp and Agnes Thorp, Respondents, No. 44872—283 S. W. (2d) 467.

Court en Banc, November 14, 1955.

416

*Fred A. Gossom* for petitioner.

*Frank H. McColloch* for respondents.

[469] EAGER, J.—This is a proceeding in habeas corpus instituted in the St. Louis Court of Appeals by a father to obtain possession of his minor daughter. The minor was then in the possession of respondents. The Court of Appeals issued the writ and, after hearing the matter on the pleadings, briefs and arguments, ordered that the custody and possession of the child be awarded to petitioner. On application of respondents this court ordered the cause transferred here pursuant to § 10, Art. V of the Missouri Constitution, 1945. The case is, therefore, here as though it were an original proceeding instituted in this court. The opinion of the Court of Appeals, filed on January 11, 1955, is reported at 274 S.W. 2d 345. This opinion will be expedited by setting out at this point the opinion of the Court of Appeals. It is as follows:

"Per Curiam. This is a proceeding in habeas corpus which was instituted in this court by one Frank Wakefield, the natural father, to obtain the possession of his minor child, Brenda Lou Wakefield, who is now in the possession of respondents, Clarence Thorp and Agnes Thorp, his wife. The latter, incidentally, is petitioner's half-sister.

"Petitioner resides in St. Louis County, and respondents in St. Charles County.

"It appears from the facts which counsel have brought to our attention that petitioner and the child's mother, Mary Lou Wakefield, were married on October 1, 1949, when he was nineteen and she but fifteen years of age. Brenda Lou was born on December 31, 1950, which means that she is now barely four years of age.

"On October 15, 1951, Mary Lou brought an action in the Circuit Court of St. Louis County for a divorce from petitioner, who thereupon filed a cross bill in which he asked for a decree of divorce in his favor. We are told that Mary Lou did not seek custody of the child, but that petitioner did; and at any rate the court, on February 8, 1952, dismissed Mary Lou's petition and sustained petitioner's cross bill, not only granting him a divorce, but also awarding him the custody of Brenda Lou, with the mother to have the right of visitation at all reasonable times.

"Upon the entry of such decree, petitioner immediately placed Brenda Lou in the care of respondents, where she has remained until the present time. Petitioner insists that such transfer of Brenda Lou to respondents was only intended to be temporary and until such time as he was able to make suitable arrangements for her care. He has since remarried, and asserts that he has established a home in St. Louis County where she could have adequate care and parental affection.

"The basis of petitioner's claim in this habeas corpus proceeding is that Brenda Lou is being unlawfully withheld and detained by respondents, and that he is entitled to her possession by virtue of the decree in the divorce action awarding her custody to him.

"In their amended return respondents contend that even though the divorce decree does not so show, the fact nevertheless is that petitioner was only awarded custody upon the condition, and with the understanding, that he would place Brenda Lou in their care and control. In other words, they predicate their right to the possession of the child upon an alleged verbal order of the judge in the divorce action, which was admittedly not incorporated in the decree, but by which it is alleged that both petitioner and the mother agreed to abide.

"For further return respondents set up that petitioner is not a fit and suitable person to have the child, and that her best interest and welfare will be served by permitting [470] her to remain in their possession, at least until the determination of a motion to modify which is now pending in a divorce action in the Circuit Court of St. Louis County. Such motion was filed by the mother, who has also remarried and is now Mary Lou Perkins, and prays that the decree be modified so as to vest custody, not in herself, but in respondents, who have undertaken to join with her as proponents of the motion.

"So far as the pleadings are concerned, petitioner filed a motion to strike out certain matters contained in the original return, but abandoned such motion when respondents filed an amended return. The case was thereafter submitted by petitioner upon an amended motion for judgment on the pleadings, and by respondents upon a motion to quash the writ and remand Brenda Lou to them.

"[1] The latter motion is predicated upon the assumption that inasmuch as petitioner filed no verified answer to or denial of their amended return, there is no question before us challenging the legality of Brenda Lou's detention.

"Such result would of course follow if the material facts set up in the return disclosed a lawful restraint, and there was no answer or denial under oath. Section 532.320 RSMo 1949, V.A.M.S.; Gugenhine v. Gerk, 326 Mo. 333, 31 S.W. 2d 1; Ex Parte Davis, 333 Mo. 262, 62 S.W. 2d 1086, 89 A.L.R. 589; State ex rel. White v. Swink, Mo. App., 256 S.W. 2d 825. In this case, however, petitioner does not dispute the facts set up in the return in so far as they relate to the authority by which respondents purport to hold his child, and consequently there was no occasion or place for an answer or denial in any form. On the contrary, he admits the truth of the material facts alleged, and only desires to raise the question of whether such facts serve to justify the child's restraint as a matter of law. Ex parte Thornberry, 300 Mo. 661, 254 S.W. 1087; In re Breck, 252 Mo. 302, 158 S.W. 843. In this situation the issue presented is purely one of law for the raising of which

a motion for judgment on the pleadings is the proper and appropriate remedy.

"[2, 3] Turning to the facts stated in the amended return, respondents show no right to withhold possession of the child by setting up as their pretended authority an alleged verbal order or direction of the judge in the divorce action conditioning his award of custody upon the promise that petitioner would place the child in their care and control. It is axiomatic that a court of record can only speak by and through its records. Odom v. Langston, 358 Mo. 241, 213 S.W. 2d 948; State ex rel. Robertson v. Sevier, 345 Mo. 274, 132 S.W. 2d 961; State ex rel. Gentry v. Westhues, 315 Mo. 672, 286 S.W. 396; Cunio v. Franklin County, 315 Mo. 405, 285 S.W. 1007. The decree in the divorce action concededly contained no such condition or qualification upon petitioner's right of custody; and any order or direction of the judge with respect to the subject matter of the decree, but not incorporated in it, has no legal force or effect, as counsel for respondents impliedly concedes.

"[4, 5] Neither may we in this proceeding review the propriety of the divorce court's award of custody, nor may we change or alter such award. Not only did the divorce court have jurisdiction to award custody as it did, but its jurisdiction in such limited respect also continues during Brenda Lou's minority, provided the divorce action does not meanwhile abate. Hayes v. Hayes, 363 Mo. 583, 252 S.W. 2d 323; Schumm v. Schumm, Mo. App., 223 S.W. 2d 122. Any modification of the decree can only be made on proper application in the circuit court where the divorce action is pending, and is beyond the scope of our power on habeas corpus. In re Morgan, 117 Mo. 249, 21 S.W. 1122, 22 S.W. 913; Bell v. Catholic Charities, Mo. App., 170 S.W. 2d 697; Tripp v. Brawley, Mo. App., 261 S.W. 2d 508; In re Kohl, 82 Mo. App. 442.

"[6] The only question remaining is whether respondents may justify their detention of the child upon the charge made in their return that a petitioner is not a fit [471] and suitable person to be entrusted with her custody.

"Respondents call attention to the repeated declarations of the courts that in custody proceedings the welfare of the child is always the primary consideration, with the consequence that the matter of a parent's fitness to have custody is inherently a proper subject of inquiry whether raised by the pleadings or not. Suffice it to say that such question does not arise in this proceeding as one of first impression, but has already been decided by the divorce court which, in awarding custody to petitioner, necessarily held that he was a fit and proper person to exercise the right which was being conferred upon him. Tripp v. Brawley, supra. The divorce court's decision upon that feature of the case is therefore conclusive so far as the enforcement of

its decree is concerned, and if it was to be questioned by any aggrieved party, the only remedy would have been by appeal.

"Inasmuch as respondents have shown no legal right to Brenda Lou's possession, it follows on the admitted facts that she should be taken out of their possession and delivered over to petitioner in accordance with the prayer of his petition.

"It is so ordered."

Respondents contend here: that the court in this proceeding should hear evidence and determine upon equitable principles the right to custody, being guided therein solely by what seems best for the welfare of the child; that the petitioner is in fact an unfit person to have custody; that there has been a change of circumstances since the divorce decree and that there was a concealment of material facts from the circuit court at the time of the divorce decree; that in fact that court orally ordered custody to be placed with the respondents; that there exists a conflict between the present opinion of the Court of Appeals and the opinion of the Springfield Court of Appeals in Ferguson v. Garrison, 262 S.W. 2d 163; and, lastly, that respondents do not otherwise have adequate protection of their interests because they were not and are not formal parties to the divorce proceedings.

At the expense of some repetition we note here that the following principles are firmly established in the jurisprudence of Missouri:

██    An order awarding the custody of a minor child, and contained in an unappealed decree of divorce, is a final order entitled to the force and effect of a final judgment, unless and until modified by the court making the decree. State ex rel. Burtrum v. Smith (Banc), 357 Mo. 134, 206 S.W. 2d 558; Bell v. Catholic Charities of St. Louis, Mo. App., 170 S.W. 2d 697; Tripp v. Brawley, Mo. App., 261 S.W. 2d 508; Mahan v. Mahan, 239 Mo. App. 317, 192 S.W. 2d 626; Hayes v. Hayes, 363 Mo. 583, 252 S.W. 2d 323, 328. To that extent such a decree is res adjudicata. Shepard v. Shepard, Mo. App., 194 S.W. 2d 319; Foster v. Foster, Mo. App., 146 S.W. 2d 849; Crooks v. Crooks, Mo. App., 197 S.W. 2d 678. The effect of such order may, of course, cease upon the death of one of the parties to the divorce action, for such action thereupon abates. Schumacher v. Schumacher, Mo. App., 223 S.W. 2d 841; State ex rel. Walker v. Crouse, 240 Mo. App. 389, 205 S.W. 2d 749.

██    A court speaks only through its records which import absolute verity, and extraneous evidence will not be permitted to impeach the records. State ex rel. Spratley v. Maries County, 339 Mo. 577, 98 S.W. 2d 623; Flansburg v. Kaiser (Banc), Mo., 184 S.W. 2d 1004; State ex rel. Gentry v. Westhues, 315 Mo. 672, 286 S.W. 396. In fact this doctrine was established in the very early case of Medlin v. Platte County, 8 Mo. 235. In the light of these authorities we may not, in any event, consider the alleged oral directions of the divorce court by which respondents seek to supplement or impeach the written record awarding custody.

■ The writ of habeas corpus is properly used, in certain instances, to procure custody and possession of a minor child; § 532.370, RSMo 1949, V.A.M.S.; Ex parte De Castro, 238 Mo. App. 1011, 190 S.W. 2d 949; State ex rel. White [472] v. Swink, Mo. App., 256 S.W. 2d 825; Tomlinson v. French Institute of Notre Dame De Sion, 232 Mo. App. 597, 109 S.W. 2d 73; In re Richardet, Mo. App., 280 S.W. 2d 466; Cox v. Carapella, Mo. App., 246 S.W. 2d 513; Schumacher v. Schumacher, Mo. App., 223 S.W. 2d 841, 1. c. 845; State ex rel. Walker v. Crouse, 240 Mo. App. 389, 205 S.W. 2d 749. Such, generally, are situations where the parent to whom custody was awarded is enforcing such an award, where there has been no formal award of custody, where the parent to whom custody has been awarded has died and the divorce proceeding has thus abated (Schumacher and Crouse cases, supra,) or where for some reason the award of custody is illegal on the face of the record and the legality of the order is questioned by habeas corpus. There may be other situations, and we do not mean for this statement to be exclusive. But the writ may not be employed to interfere with the inherent right and jurisdiction of our circuit courts to determine and award custody of minor children in divorce cases of which they have proper jurisdiction and in which they have exercised that jurisdiction by making a custody award of record. Bell v. Catholie Charities of St. Louis, Mo. App., 170 S.W. 2d 697 (citing various authorities); State ex rel. Burtrum v. Smith (Banc), 357 Mo. 134, 206 S.W. 2d 558; Hayes v. Hayes, 363 Mo. 583, 252 S.W. 2d 323, 327; Tripp v. Brawley, Mo. App., 261 S.W. 2d 508. The same situation exists where a decree of adoption has been entered and an appeal therefrom is pending. Thelen v. Ekberg, 237 Mo. App. 258, 167 S.W. 2d 645. And such is true even though the court to which a petition of habeas corpus is addressed would have had the right and power to adjudicate the matter had it been presented to it in the first instance. State ex rel. Burtrum v. Smith (Banc), 357 Mo. 134, 206 S.W. 2d 558. Respondents have cited as supposedly *contra*, 25 Am. Jur., Habeas Corpus, p. 207; that text cites in support of the contrary statement one Georgia case, but on the same page is found a statement indicating that various authorities support the rule announced above. Be that as it may, we think the Missouri law is well established.

■ It is universally held that a parent has the paramount right to the custody of his or her minor child as against third persons, unless it is established that he or she is an unfit person or is unable to care properly for the child. Bell v. Catholic Charities of St. Louis, Mo. App., 170 S. W. 2d 697; McDevitt v. Morrison, Mo. App., 180 S.W. 2d 608. And, when the court by a divorce decree has awarded custody to a parent, it must be presumed in subsequent proceedings in another court that such parent was then a fit person to have custody. Bell v. Catholic Charities of St. Louis, Mo. App., 170 S.W. 2d 697, 699.

■ We believe that the St. Louis Court of Appeals has followed these guiding principles here, and we adopt its opinion, supplementing it, however, with our own views. That opinion covers fully the propriety of determining the issues on the pleadings as a matter of law, and we need not discuss that feature further, although respondents have insisted that a verified answer to their amended return was necessary.

■ Respondents urged in their application for transfer a conflict with the cases of Ex Parte Kaufman, Mo. App., 262 S.W. 2d 56, and Ferguson v. Garrison, Mo. App., 262 S.W. 2d 163, for the reason that in each of those cases the respective Court of Appeals heard evidence and awarded custody in accordance with its views as to the best interest of the minor child. The supposed conflict with the Ferguson case has been briefed in this court. We may simply and briefly dispose of this question. In the Kaufman case, *supra,* there had been no prior adjudication of custody (as stated in the first paragraph of the opinion) and the Court of Appeals was thus free to adjudicate the question on the petition for habeas corpus. The case of Ferguson v. Garrison, *supra,* presents a different question. There the mother sought by habeas corpus to obtain possession and custody of her minor daughter from the child's uncle; it appeared that the mother had been granted custody in a divorce decree in Jackson County several years previously. Respondents, [473] by their return, alleged petitioner's unfitness to have custody of the child and also her previous and present inability to care properly for the child. On these issues the court heard evidence and determined that the welfare of the child required that she remain with the respondent uncle, and it was so ordered. (The parties in the present case raised incidentally in the St. Louis Court of Appeals the question as to whether the prior custody award was properly put in issue in the Ferguson case, but we are guided here by the opinion itself.) Inasmuch as that opinion (Ferguson v. Garrison, Mo. App., 262 S.W. 2d 163) adjudicates and awards possession and custody of the minor in the face of, and in opposition to, an apparently unmodified custody award, it is opposed to the various decisions heretofore cited, and it is now overruled. In so ruling we express no opinion on the merits of the controversy there. It is also interesting to note that the Ferguson decision appears to be directly in conflict with the decision in the case of Tripp v. Brawley, Mo. App., 261 S.W. 2d 508, handed down by the same court a few weeks previously.

■ We do not in any sense disregard the principle, so ardently advanced by respondents, that the welfare of the child is the paramount consideration in adjudications of the right to custody. We recognize that principle and endorse it fully. We do say, however, that this question, as all others, must be considered in the orderly process of judicial procedure; when the right to custody has once been finally

determined and the award thereof becomes a final judgment, no other court may interfere, at least under the circumstances present here.

■ We do not think that the question of the right of respondents to intervene or file a motion to modify in the original divorce proceedings is before us, though it has been argued in the briefs and orally. We leave that question to the court before which it may arise. Nor does the fact that respondents may not (if true) have any right to intervene or prosecute such motion give them any greater rights in the present proceeding. Their past custody of the child does not necessarily result in any enforceable future rights, for there is no doctrine of right by adverse possession in the custody of children. We express no opinion on the merits of their contentions or claims.

■ The original record of the Court of Appeals shows that there was filed in the circuit court a motion to modify the original custody order; this was filed by the mother of the child in question on May 17, 1954, and it has apparently not been disposed of. The present respondents sought to join in the prayer of that motion. We note (in connection with respondents' claim of a fraudulent concealment by petitioner at the time of the original divorce decree) that upon the hearing of such a motion the court may consider not only changed facts and circumstances, but also material facts existing at the time of the decree but unknown to or concealed from the court. Armstrong v. Armstrong, Mo. App., 185 S.W. 2d 845, and authorities there cited.. This court may not, sua sponte, issue any directions to the circuit court, for this is not an appeal. We note further that under certain circumstances recourse may be had, by interested parties, to the provisions of Chapter 211, RSMo 1949, V.A.M.S., containing our juvenile laws. And see: Hayes v. Hayes, 363 Mo. 583, 252 S.W. 2d 323, 327; State ex rel. White v. Swink, Mo. App., 256 S.W. 2d 825. However, the situations in which those statutes are applicable are necssarily restricted.

■ The minor, Brenda Lou Wakefield, is remanded to the custody of the petitioner, Frank Wakefield, but without prejudice to the right of any proper party to proceed in the Circuit Court of St. Louis County by any proper steps in the matter of the custody of said minor.

It is so ordered. All concur.