In the Matter of Douglas **DUNCAN** and David Duncan, Minors.

John T. **DUNCAN**, Petitioner,

v.

Bert **PITTS** and Jessie Pitts, Respondents.

No. 31124.

St. Louis Court of Appeals, Missouri.

Sept. 21, 1962.

Gragg, Aubuchon & Walsh, Eugene P. Walsh, St. Louis, for petitioner.

Dockery & Soule, Morie B. Soule, St. Louis, for respondents.

ROBERT G. BRADY, Commissioner.

This is a proceeding in habeas corpus which was instituted in this court by the father of Douglas Duncan and David Dun-can, alleging their detention by their maternal grandparents, Mr. and Mrs. Pitts, respondents herein. The petitioner further alleged he was granted a divorce on October 24, 1960 from the mother of the children and was awarded custody of the children by that decree, but that the respondents have refused to turn the children over to him. The matter has been fully briefed by the parties in their suggestions and the pleadings are complete. Petitioner has filed a motion for the right of temporary visitation and for judgment on the pleadings.

In their return, insofar as the allegations are pertinent to our inquiry, the respondents alleged that the petitioner brought these children to their home in University City and requested respondents to support, care for, and have custody of the children; that acting pursuant to his request, the respondents have done so; and alleged " * * * therefore, * * * the respondents herein, do not imprison, detain, nor restrain * * " the children. The return also alleged that the petitioner was living with his wife at the respondents' home when he and his wife separated and knew she still resided there but nevertheless instituted service by publication; that no notice was ever given to the mother of these proceedings which were "ex parte and uncontested" insofar as custody of the children was concerned. Respondents alleged that the circuit court did not have jurisdiction for this reason and its decree was " * * * void, illegal, irregular and invalid." The return further alleged that the petitioner is not a resident of this state, does not maintain a home in this state, and intends to remove the children from the state, thereby depriving " * * * the State of Missouri of its inherent right of control of said children"; and that the children " * * * since they were infants and are at the present time, wards of the Court of the State of Missouri." The other allegations of the return deal with the fitness of the petitioner and allege that he is constantly traveling and does not maintain a home of any kind at any place; that he has not the means to care for and support them;

that he is a stranger to them with no love or affection for them; that he habitually uses intoxicating liquor to excess and has beaten the children with an 18-inch oak ruler and has a violent and uncontrollable temper; that the children become emotionally upset at the mere sight of him or at his presence; that on occasion they have required medical attention because of this fact; that petitioner " * * * has had several encounters with the police and was sought by the Internal Revenue Service * * *"; that petitioner has refused to care or provide for the children; that his conduct is "lustful, lewd and lascivious"; that by a previous marriage petitioner had another child which he did not provide for either; and that petitioner only seeks to remove the children from the respondents and has stated his intention of placing them in a home if successful in doing so. The return also alleged the financial and moral fitness of the respondents.

The answer to the return admits he took the children to respondents' home but alleges that this was when he came to live there with them and their mother, and further admits that there was no personal service on the mother when the divorce was granted. All the other allegations of the return are denied. As new matter, the answer alleges that the respondents cannot collaterally attack the divorce decree, and as grounds therefor alleges that the service on the mother was valid because she had " * * * absconded and absented herself from her usual place of abode * * *" at respondents' home and " * * * concealed herself so that the ordinary process of law could not be personally served upon her * * *"; and that respondents cannot attack this decree because they are estopped to do so, having often told petitioner the mother was not living with them and they did not know her whereabouts. The answer further alleges his fitness and capabilities for caring for the children, and the respondents' unfitness, in that they both work and the "children have been attended by a paid baby sitter during the day * *."

The reply denies the allegations of new matter in the answer, and also alleges that petitioner has stated to them that he has no religion and does not believe in God.

■■■ It is evident from the pleadings and the suggestions that the respondents seek an opportunity to present evidence going to the fitness of the father and place their primary reliance upon their contention as to his unfitness to have custody of these children. In other jurisdictions it has been held that a prior divorce decree determining custody, although binding as between the parents, is not a bar to a subsequent habeas corpus proceeding to determine custody, since the decree did not consider the position of the state as parens patriae and the welfare of the child, see 39 C.J.S. Habeas Corpus § 46, Notes 56 and 57, but the rule is otherwise in Missouri, In re Wakefield, 365 Mo. 415, 283 S.W.2d 467. The respondents urge that nevertheless they are entitled to a hearing upon their allegations of the unfitness of the petitioner in the case at bar. Their contention is that where the evidence supporting the allegation of unfitness arises after the divorce decree, such evidence can be considered. It is true that in the Wakefield case, supra, at [7–8] of page 472, the court stated that award of custody in a divorce decree requires the presumption that the parent receiving custody was *then* a fit person, but the word "then" should not be given undue significance. In Wakefield, supra, the Supreme Court of this state clearly overruled Ferguson v. Garrison, Mo.App., 262 S.W.2d 163, a case where the Springfield Court of Appeals in a habeas corpus proceeding awarded custody of a child to another even though there was a divorce decree awarding custody to the mother. It is apparent that while the court in Wakefield discussed generally the fact that there was a motion to modify filed by the proper party pending in the circuit court when the habeas corpus proceeding was instituted, since the court specifically overruled the Ferguson case, the fact that there was no motion to modify pending in the instant case should not affect our de-

cision. The rule of In re Wakefield, supra, is that where a parent was awarded custody of a minor child by a divorce decree and that decree has not abated by death or otherwise, evidence going to the question of the parent's fitness since the decree cannot be heard in a habeas corpus proceeding.

Being foreclosed by Wakefield in their effort to present evidence upon their allegations of the petitioner's unfitness, and recognizing that had there been no award of custody arising out of the divorce proceedings this court would be free in a habeas corpus proceeding to inquire into the fitness of the petitioner, the respondents urge the invalidity of the divorce decree. The respondents' contention is that the divorce decree is void because the circuit court did not have jurisdiction of the parties, the petitioner having made a false affidavit for service by publication by stating therein the statutory language (Section 506.160 RSMo 1959, V.A.M.S.) that the defendant mother had absconded and absented herself from her usual place of abode and had concealed herself so that ordinary process of law could not be personally served upon her and that her address was unknown to him, when in truth and in fact petitioner knew that his wife was living with respondents. The petitioner in effect denies the affidavit is false but places his main reliance upon the contention that the respondents cannot collaterally attack the divorce decree.

■■■ There can be no doubt but that the attack which respondents seek to make on the divorce decree in the instant case is a collateral attack. In Ray v. Ray, 330 Mo. 530, 50 S.W.2d 142 at [1] page 143, and Reger v. Reger, 316 Mo. 1310, 293 S.W. 414 at [6] page 421, the distinction between a direct and a collateral attack is clearly stated. Neither can there be any doubt but that the attack which respondents seek to make, if allowed to do so, would succeed or fail upon evidence de hors the record. This for the reason that since the circuit court of St. Louis County had jurisdiction of the subject matter and the judgment is regular on its face, it must be presumed that every fact necessary to the trial court's jurisdiction was found by that court. See Ruckman v. Ruckman, Mo.App., 337 S.W.2d 100; Gomez v. Gomez, Mo., 336 S.W.2d 656, Lewis v. Lewis, 238 Mo.App. 173, 176 S.W.2d 556. It follows that the trial court must be presumed to have found that it had jurisdiction of the parties. But an analysis which makes the admissibility or inadmissibility of such evidence determinative of this case is superficial. The determinative questions in the case at bar are, (1) whether the judgment is subject to collateral attack at all, and (2) if so, whether the respondents, strangers to the divorce action, are the proper parties to mount this collateral attack. Only then does the question of the means by which respondents seek to sustain their attack become important.

As might be expected, the cases involving the right of a stranger to the decree to collaterally attack the divorce decree usually arise with respect to foreign judgments. Those interested will find the cases collected at 12 A.L.R.2d 717, and reference should also be made to 20 A.L.R.2d 1153. Tippin v. Tippin (1960), 148 Conn. 1, 166 A.2d 448 is a case directly in point so far as foreign decrees are concerned. In this state Leichty v. Kansas City Bridge Company, 354 Mo. 629, 190 S.W.2d 201, cert. den. 327 U.S. 782, 66 S.Ct. 682, 90 L.Ed. 1009, (see [1, 2] p. 203 of 190 S.W.2d) is probably the leading case on the matter and adopts the view of the Restatement of Judgments, § 13(c) to the effect that a foreign judgment, valid on its face, can be collaterally attacked in this state by extrinsic evidence. See also Stuart v. Dickinson et al., 290 Mo. 516, 235 S.W. 446, and 17 Am.Jur., Divorce and Separation, § 532, page 627, et seq.

■■ We are not here dealing with a foreign judgment, but with a domestic judgment. The rule in Missouri as to domestic judgments differs from our rule as to foreign judgments and is that a domestic divorce decree can not be collaterally attacked unless its invalidity appears on the face

of the record. Reger v. Reger, supra; Ray v. Ray, supra; and see Hall v. Smith, Mo., 355 S.W.2d 52 at page 56, where Ray v. Ray, supra, is cited with approval. Compare Gauss v. Gauss, Pa., 1938, 33 Pa.Dist. & Co. R., 706. Accordingly, since the alleged invalidity of the decree of divorce does not appear on the face of the record, it follows that the judgment in the divorce action is not subject to the collateral attack which the respondents seek to make against it. Ray v. Ray, supra; Reger v. Reger, supra.

The petitioner's motion for the right of temporary visitation should be overruled; the petitioner's motion for judgment on the pleadings should be sustained.

## PER CURIAM.

The foregoing opinion of BRADY, C., is adopted as the opinion of the court. The petitioner's motion for the right of temporary visitation is therefore overruled; the petitioner's motion for judgment on the pleadings is sustained.

ANDERSON, P. J., and RUDDY and WOLFE, JJ., concur.

## PER CURIAM AFTER OPINION

The situation here presented is that the father, petitioner, was granted custody of the two children who are the subject of this writ, by a default divorce decree entered October 24, 1960. He placed the children with the respondents, who have had them at all times since. The respondents allege in their return that the petitioner has certain habits, traits of character, and pursues a course of conduct which, if true, would make him an unfit person to have custody of the children. Yet this court is barred from inquiring into the question of his fitness by reason of In re Wakefield, 365 Mo. 415, 283 S.W.2d 467, and other cases cited therein, which hold that the award of a decree of custody by a divorce court is a final determination of custody with which no other court can interfere.

Under the facts as alleged, the jurisdiction of the divorce court to modify the decree by changing the custody cannot be invoked. The mother is without interest in the children, and the grandparents are not the proper parties to invoke the divorce court's aid.

We are thus confronted with a petitioner, for custody of the children, who is charged with being unfit to have them. But we are obliged to award him custody without any hearing upon the charges made against him. The anomaly of this state of affairs is that if the mother were deceased, we could then inquire into the charges made against the father because the divorce action would then be abated. In re Wakefield, supra. So far as the welfare of the children is concerned, she might as well be dead. It is also true that if the petitioner here were seeking to enforce his natural right as a parent, we could inquire into his fitness, if that issue were raised. His position is only altered by a decree granting him custody in a case where his fitness was never in fact a question in issue or a hearing had thereon.

It would appear that the rule in relation to a court's right to search out the truth, under pleadings such as those before us, should not be so limited. As we construe the Wakefield case, we would have no alternative but to turn the children over to a petitioning father who had a default decree of divorce granting him custody, even though it was alleged that the lives of the children would be endangered thereby.

There are some distinctions between the facts before us and those considered in the Wakefield case. In that case a motion to modify the decree was pending in the divorce court at the time a writ of habeas corpus was sought. However, the court did not predicate its opinion upon this and overruled the case of Ferguson v. Garrison, Mo.App., 262 S.W.2d 163, which is similar in all pertinent respects to the matter before us.

It appears that the law on the point herein discussed should be reexamined by the Supreme Court of Missouri; and under

and by virtue of Article 5, § 10, Missouri Constitution, 1945, V.A.M.S., and Rule 84.-05(g), V.A.M.R., we transfer this cause to the Supreme Court for the purpose of re-examining the existing law. It is so ordered.