**G. C. J., Petitioner,**

**v.**

**G. G. and M. D. G., Respondents.**

**No. 35564.**

Missouri Court of Appeals,
St. Louis District,
Division One.

May 21, 1974.

Raymond J. Issa, St. Louis, for petitioner.

Hale W. Brown, Kirkwood, for respondents.

WEIER, Judge.

This is an original proceeding in habeas corpus brought by the father of two minor children to obtain custody of the children from the maternal grandparents.

Petitioner, G. C. J., married C. G. J. on April 20, 1968. Two children, both daughters, were born to this marriage. On March 12, 1971, the mother, C. G. J., was granted a divorce from petitioner. The divorce decree awarded her custody of the two minor children. From the time she separated from petitioner to the date of her death, she and her children lived with her parents, G. G. and M. D. G., the respondents herein. After the mother was killed in a traffic accident on August 21, 1972, the two minor children continued to live with respondents. Shortly after her death, on August 29, 1972, G. C. J., the father, filed a petition for a writ of habeas corpus in the circuit court for the custody of his two minor children. The writ was ordered to issue against respondents, the children's maternal grandparents, and was returnable September 5, 1972. When they filed their return to the writ of habeas corpus on September 5, 1972, the court, on its own motion, transferred the cause to the Juvenile Court of St. Louis County. After a partial hearing on September 26, 1972, at which two witnesses testified, the cause was continued, and the court granted the petitioner and the respondents tempo-rary custody of the children on alternate weeks. The hearing was resumed on February 8, 1973. After several witnesses testified, the cause was continued. The hearing was again resumed on May 25, 1973. Since neither counsel requested that the court enter findings of fact, conclusions of law and judgment, the court entered opinion and judgment memoranda on June 6, 1973. The court denied the father's petition, finding him unfit to have the custody of his two minor children. The court ordered that temporary custody be transferred to the juvenile court and placed physical custody of the minor children in respondents.

Petitioner filed his petition for a writ of habeas corpus in this court on July 11, 1973. By July 19, 1973, we had received and considered the petition, the respondents' return and petitioner's reply to the return, and on that date, by consent of the parties, we ordered that the transcript of the hearing before the court below be certified to us for an independent determination of petitioner's fitness, and for a final decision in this proceeding. We also ordered petitioner and respondents to file briefs, and placed temporary custody of the children in respondents.

 Petitioner, in his brief before this court, contends that the court below erred in transferring temporary custody of his children to the juvenile court and in placing physical custody of the children in respondents. Since this is an original proceeding in habeas corpus, our inquiry cannot extend to the review of alleged trial errors not affecting jurisdiction, as on appeal. State ex rel. Stewart v. Blair, 357 Mo. 287, 208 S.W.2d 268, 275 [4] (banc 1947); Ex parte Gounis, 304 Mo. 428, 263 S.W. 988, 990 [1] (banc 1924).[1] The court below, as this court has, properly secured jurisdiction over the minor children and those having actual custody of them,

---

I. Although the problem is not before us, since this is an original proceeding, an appeal may not be taken from the denial of a writ of habeas corpus. W. v. M., W. & W., 490 S.W.2d 64 (Mo. banc 1973).

the maternal grandparents. The jurisdiction of the divorce court which originally awarded custody of the minor children to their mother abated when the mother was killed in the traffic accident on August 21, 1972. In re Shepler, 372 S.W.2d 87 (Mo. banc 1963); In re Wakefield, 365 Mo. 415, 283 S.W.2d 467, 471[5, 6] (banc 1955). Thus, habeas corpus is and was a proper proceeding to adjudicate the question of child custody. And, in this proceeding, the scope of our inquiry is limited to a determination of petitioner's fitness to secure custody of his children and to an award of custody that will promote the best interests of the children. In re Shepler, *supra* 372 S.W.2d at 90 [2]; Ex parte Badger, 286 Mo. 139, 226 S.W. 936 (banc 1920). We make such a determination independently, frequently after reference for the taking of testimony, but here, based upon the transcript of the testimony heard in the court below in the prior habeas corpus proceeding, by consent of parties.

██ It has been consistently held by our courts that a natural parent has a superior right to the custody of his or her children as against third persons. In re Wakefield, *supra* 283 S.W.2d at 472[7]. This superior right, however, vanishes whenever it is established that the parent is an unfit person or is unable to care properly for the children (In re Wakefield, *supra* 283 S.W.2d at 472 [7]), since it is the well-being of the children that is our paramount concern. In re Shepler, *supra* 372 S.W.2d at 90 [2].

█ Here the evidence demonstrates petitioner to be an unfit person to have custody of his two minor daughters at this time. Petitioner lives with his mother, father and ten-year-old sister in a six room house. At the time of the hearing on May 25, 1973, petitioner had been employed as a truck driver for nine months and was earning $3.20 an hour. Prior to this, petitioner's employment status was anything but stable. For a year and a half he had worked part time, one or two days a week,

in an automotive garage. His maximum pay for a day's work there was $5.00. Petitioner has completed his education through the eighth grade. Petitioner's father testified that petitioner was unable to complete his high school education because the pressure was too much for him. After petitioner and his now deceased wife were divorced, he was frequently delinquent with his child support payments. When he did make the payments, he had to call on his mother and father to help provide the necessary funds for the support payments.

█ Several witnesses testified about certain incidents that occurred in petitioner's past. Petitioner argues that we should disregard these incidents since his right to custody should be determined with respect to present, existing conditions, and since these incidents can be attributed merely to the "impetuousness and folly of youth." While we agree that our determination must be based on present existing conditions, evidence of past conditions is not foreclosed to our determination if it clarifies and casts light upon existing conditions. In re Richardet, 280 S.W.2d 466, 471 [9] (Mo.App.1955). We will not discuss the incidents in any great detail since it would serve only as an embarrassment to the parties involved. These incidents, among other things, concerned petitioner's participation in car stealing and stripping; his drinking and neglect of his wife and child; his physical mistreatment of his wife and child; and his lewd behavior. While it is arguable, perhaps, that some of this behavior may be attributed to petitioner's age at the time, we note that much of the behavior continued throughout his marriage. Although the record in this case does not demonstrate with absolute certainty that the children would be ill-treated if they were remanded to petitioner's care and custody, it does demonstrate a serious danger of such ill-treatment. The first evidence of any real concern petitioner might have had for his children was not manifested until his wife was killed. To his credit, however, the record indicates that

he has managed to put himself in a position where he might now be able to care properly for his children. Despite these apparent improvements in his life, his past conduct raises serious doubts about his ability to discharge the obligations of a good parent and provide a wholesome environment during his children's formative years. Petitioner is twenty-two years old, and sufficient time has not yet passed so as to be able to determine whether his improved behavior is a passing whim or a permanent pattern. For these reasons, we find the petitioner is not at this time fit to have the custody of his two minor daughters.

The record indicates that in the home of the respondents the two children are receiving proper care, as they have been for over two years. The respondents' home is stable and their reputation in the community is favorable in all respects. The respondents are financially capable of supporting the children. Their custody of the children, .however, should be a matter of continued study and supervision by the court at least for the immediate future.

Accordingly, we deny the father's petition and order that the custody of the minor children, T. S. J. and S. M. J., be transferred to the Juvenile Court of St. Louis County, Missouri. Since the children have become accustomed to their present environment with the respondent grandparents, they are to retain actual physical custody of the children until such time as the juvenile court makes a determination concerning the children's temporary or ultimate disposition. § 211.051, RSMo 1969, V.A.M.S. This order is without prejudice to petitioner seeking in that court visitation rights or a future change in custody. Costs of this proceeding are to be paid one-half by petitioner and one-half by respondents.

SIMEONE, Acting C. J., and KELLY, J., concur.