578 S.W.2d 610 (1979)
In the Matter of C---- W---- B----, a minor.
M---- C---- B----, Petitioner,
v.
V---- T----, E---- D----, and W---- D----, Respondents.
No. 10768.
Missouri Court of Appeals, Southern District, Division Two.
March 5, 1979.
*611 Dennis M. Schaumann, Kuelker, Gates & Schaumann, St. Louis, for petitioner.
*612 G. H. Terando, Little, Million & Terando, Poplar Bluff, for respondents.
BILLINGS, Presiding Judge.
In this original habeas corpus proceeding we appointed the Honorable Elvis A. Mooney as Master, pursuant to Rule 68.03, V.A. M.R., to conduct an evidentiary hearing and make findings of fact and conclusions of law and recommendation. The Master's report was filed herein October 10, 1978, and no exceptions were filed thereto. Thereafter, on waiver of filing briefs and oral argument by the parties, this Court, on its own motion, remanded the matter to the Master for more specific findings of fact and conclusions of law. The revised report of the Master has now been filed with us.
In this state of the record, the Master's report is to be accorded the weight and deference which would be given to a courttried case by a reviewing court. Both the law and the evidence should be reviewed as in suits of an equitable nature with regard given to the opportunity of the Master to have viewed and judged the credibility of the witnesses. Matter of W____ K____ M____, 537 S.W.2d 183 (Mo.App.1976).
We have fully reviewed the record in this case and it is the judgment of this Court that the Master's report, which follows, is fully supported by both the law and the evidence and reaches the proper result in these proceedings, and with minor changes is adopted as the opinion of this Court.

"REPORT OF MASTER
The series of events occurred in chronological order as follows: The petitioner, M____ C____ B____, and C____ S____ T____ were married to each other on December 21, 1974; the subject of this cause, C____ W____ B____, was born to C____ S____ B____ on May 15, 1975. On December 29, 1975, C____ S____ B____ filed her petition for Dissolution of Marriage in the Circuit Court of Butler County, Missouri, alleging that C____ S____ B____ and M____ C____ B____ separated on September 27, 1975. The action for Dissolution of Marriage was pending when C____ S____ B____ was killed in an automobile accident October 24, 1976.
On the 29th day of October, 1976, M____ C____ B____ filed his petition for Writ of Habeas Corpus in the Circuit Court of Butler County, Missouri, wherein it is alleged that the custody of V____ T____, the maternal grandmother, W____ D____ and E____ D____, the maternal great-grandparents, of C____ W____ B____ to be unlawful. The cause was heard by the Honorable Rex A. Henson, Judge, on the 8th day of November, 1976; and thereafter on March 14, 1977 the Court entered its order vesting custody of the minor child in the grandmother and the great-grandparents, the Court finding that `M____ C____ B____, the natural father of said minor child, is not a fit and proper person to have the care and custody of the said minor child and that the said M____ C____ B____ has not heretofore during the lifetime of said minor child, which was born May 15, 1975, supported or attended to said child in any fashion and has therefore previously neglected and abandoned the said minor child for a period of more than one year before the institution of these proceedings.'
On August 9, 1977 petitioner filed his petition for Writ of Habeas Corpus in the Missouri Court of Appeals, Springfield District; the Return to Writ of Habeas Corpus was filed August 10, 1977. On August 26, 1977, Elvis A. Mooney was appointed Master to take and report evidence and make findings of fact and conclusions of law.
An evidentiary hearing was held on November 18, 1977, at Bloomfield, Missouri, with all parties present and participating. By agreement, the transcript of the Habeas Corpus Case No. C-4384-76, in the Circuit Court of Butler County, Missouri, was admitted in evidence. After the evidence had been adduced, the parties and the attorneys requested that the cause be continued until one or all parties requested a continuation of the hearing. The cause was continued. On September 15, 1978, having received a *613 request to continue the hearing, the cause again came on for hearing with all parties participating. At the conclusion of the hearing the cause was taken under advisement.

FINDINGS OF FACT
1. The subject of this proceeding, C____ W____ B____, was born May 15, 1975. He is a well-behaved child, neatly dressed and cleanly groomed. Obviously, he is receiving excellent care.
2. Soon after his birth the minor child developed medical problems which required expenditures of large sums of money; all of such medical expenses were paid by the maternal grandmother without any offer of assistance from the petitioner.
3. V____ T____, the maternal grandmother of C____ W____ B____, and the maternal great-grandparents, W____ D____ and E____ D____, are persons of good character, with high moral principles and religious convictions. Each and all of said persons are fit and proper persons to have and to exercise the care, control and custody of this minor child.
4. The homes and dwellings of V____ T____, W____ D____ and E____ D____, and the surrounding community is a desirable location in which to rear a minor child.
5. The minor child has been afflicted with intestinal blockage, nervous irregularity and dental problems, requiring treatment in the Cardinal Glennon Hospital in St. Louis and at other treatment centers; all of the expenses of such treatment were borne by V____ T____ and her parents. The petitioner made no contribution to the payment of these expenses; he made no inquiry concerning said expenses and made no offer to contribute.
6. The minor child's health, although improved, continues to present a sensitive problem, requiring continuing care and expense.
7. The petitioner is not the natural father of C____ W____ B____; this fact was acknowledged by the petitioner.
8. The petitioner, twenty-four (24) years of age, is a healthy and intelligent young man, unsettled, irresponsible, self-centered, uncooperative and with past instances of excessive use of intoxicants; he is not a fit and proper person to have and to exercise the care, control and custody of a minor child.
9. Petitioner does not have a suitable home for the minor child; and the minor child would necessarily be left with other persons for long periods of time, including entering a day care center located away from the home of petitioner.
10. During the period of time, from the separation of petitioner and the minor child's mother, September 27, 1975, until the mother's death, October 24, 1976, the petitioner failed to contribute anything to the support of the minor child; the petitioner's reason for such failure to contribute was, `because they did not let me see my son more often.'
11. The petitioner, for longer than one year, abandoned the minor child; during such period of time the petitioner made no material contribution to said child's support; and petitioner indicated that he felt no duty to provide for the child while said child was not in his care and custody.
12. During the time the petitioner and the child's mother were living together, they were partially supported by tax moneys in the form of welfare payments and food stamps. During the separation of the parties and before the death of the mother, she subsisted partially on welfare payments.
13. The petitioner frequently makes overnight visits with various women to whom he is not married, constituting a disregard for moral standards; petitioner denied that such overnight visits aggregated half of his nights. While this conduct has not been done in the presence of the minor child, it establishes the moral level of petitioner's life-style and therefore becomes indicative of the atmosphere and circumstances to which the minor child might become *614 subjected if placed in the custody of the petitioner.
14. The life-style and routine living habits of the petitioner are less than stable; he is single, living alone in an apartment in the basement of his parent's home; much of the time he is away from home overnight; he lacks the maturity to assume the care of a minor child; and he has demonstrated such frustration as to `walk away' from friend and home for sufficient time to warrant the issuance of a missing person bulletin by the police.
15. Considering all of the evidence, resolving doubtful and evenly balanced issues in favor of the petitioner, the undersigned finds that the preponderance of the evidence shows that the petitioner is not a fit and proper person to have the care, custody and control of C____ W____ B____. The welfare of C____ W____ B____ will be better served by his remand to the care, custody and control of V____ T____, W____ D____ and E____ D____.

CONCLUSIONS OF LAW
1. This cause for a Writ of Habeas Corpus is a proper cause to come before the Missouri Court of Appeals, Southern District, in the exercise of said Court's original jurisdiction. The Constitution of the State of Missouri, Article V, Section 4; Ex parte McCarter, 434 S.W.2d 14 (Mo.App.1968).
2. The petitioner, although not the natural father of the minor child, is the `legal' father for the reason that the child was born while petitioner and the child's mother were husband and wife. In considering the right to custody herein, the petitioner is regarded as the parent of C____ W____ B____; and the law raises the presumption, absent proof to the contrary, that the best interest of a minor child is best served by the vesting of custody in the parent. State ex rel. White v. Swink, 256 S.W.2d 825 (Mo.App.1953); Ex parte De Castro, 238 Mo.App. 1011, 190 S.W.2d 949 (1945); McDevitt v. Morrison, 180 S.W.2d 608 (Mo.App.1944); State ex rel. Crockett v. Ellison, 271 Mo. 416, 196 S.W. 1140 (1917); Weir v. Morley, 99 Mo. 484, 12 S.W. 798 (1890).
3. The superior right of a parent to the custody of his minor child, as against third persons, vanishes whenever it is established that the parent is an unfit person or is unable to care properly for said minor child. G.C.J. v. G.G., 510 S.W.2d 193 (Mo. App.1974); In re Richardet, 280 S.W.2d 466 (Mo.App.1955); In re Cole, 274 S.W.2d 601 (Mo.App.1955); Ex parte Kaufman, 262 S.W.2d 56 (Mo.App.1953); Daugherty v. Nelson, 241 Mo.App. 121, 234 S.W.2d 353 (1950).
Petitioner's failure to offer any support to the child for longer than one year, his irresponsible disposition toward the child, his irregular habits and life-style, his record of excessive use of intoxicants and the absence of any suitable home environment for the child are sufficient to overcome the presumption that custody should be vested in petitioner for the reason that petitioner is the child's parent. In this case the preferential rights of a parent vanish because the welfare of the child will be better served if petitioner is denied custody.
4. The determination of the issue of the custody of a minor child must be based on existing conditions; however, past conditions, conduct and attitudes which color, indicate, clarify or cast light upon conditions as they now exist constitute the larger concept of the term `present condition'. Ex parte Ray, 573 S.W.2d 152 (Mo.App.1978); G.C.J. v. G.G., supra; In re Richardet, supra; Ex parte De Castro, supra; In re Cole, supra.
Petitioner exhibited a belligerent attitude regarding any mention of his excessive consumption of intoxicants in the past; and he affirmed his present use of intoxicants affirming that his current indulgence is not excessive; his long abandonment of the child he justified because he had been denied custody; no attempt was made to justify his frequent overnight visits in the homes of various women, except to state that if he had the child he would be at home *615 with the child; his attempt to prevent the proceeds of an insurance policy, obtained by V____ T____ on the life of the child's mother, being used to defray the funeral expenses remained unexplained; and the necessity of Court action to so apply the insurance benefits exemplifies this young man's inability to distinguish between his selfish interests and the rights of others; and his knowledge that he is not the natural father of the child raises the expectation that this fact could enure to the child's disadvantage if placed under his jurisdiction. Taken as a whole, the past activities of the petitioner gives little, or no, hope that his future performance will be responsible and in the child's best interest.
5. The welfare of the minor child is the first and paramount consideration of the Court; and all other rights and relationships must give way to whatever is established to be in the best interest of the child. G.C.J. v. G.G., supra; Stricklin v. Richters, 256 S.W.2d 53 (Mo.App.1953); Armstrong v. Armstrong, 185 S.W.2d 845 (Mo.App.1945).
The care and attention freely supplied by the respondents, the remarkable condition of the child after all of his medical problems, the desirability of his present surroundings, the financial stability of the respondents, together with their considerable expenditures in the past for the child's care and treatment, the religious atmosphere of the respondents' home, and the twenty-four hour care, supervision and attention to the child by the respondents, present overwhelming proof that the best interest of the child is served by his remand to the respondents; and the absence of most of the above benefits in the petitioner's environment, together with the trauma to be expected if the child is removed from his customary surroundings and transplanted to a new and inadequate environment, conclusively establishes that this child, with precarious health, should not be removed from his present home and away from those people who have nurtured him through exceedingly troubled times, and vested in petitioner, who ignored him during most of his life.
6. The burden of proof of petitioner's unfitness rests upon the respondents. Cox v. Carapella, 246 S.W.2d 513 (Mo.App. 1952); Williams v. Williams, 240 Mo.App. 336, 205 S.W.2d 949 (1947).
This burden has been conclusively satisfied by the respondents; as a matter of fact, the admissions of the petitioner seem sufficient to show his unfitness without other evidence.
7. Pursuant to the provisions of Section 211.477, V.A.M.S. Laws 1978, the Juvenile Division of the Circuit Court, acting on the petition filed by the Juvenile Officer, may terminate parental rights if the following conduct of the parent is found [§ 211.447, subd. 2(2)(a), par. (b), V.A.M.S.]:
`b. The parent has, without good cause, left the child without any provision for support and without any communication or visitation from the parent. Evidence that the parent has acted to support, to communicate with or to visit the child during the period may be disregarded if such acts of the parent appear to have been merely a token effort;'
The petitioner's failure to support falls within the conduct defined by this section of Missouri Law. The standard promulgated for the consideration of the Court in deciding a case for the termination of parental rights, while perhaps not directly binding on this Court in this Habeas Corpus case, would appear to fix a standard of conduct required of a parent before custody be vested in such parent.
It is suggested that custody of C____ W____ B____, the minor child, should not be divested from persons who have supplied care and support to the child during the period of default by the parent; and a parent, clearly within the provisions of this section, should not be awarded custody in this Habeas Corpus case when his conduct justifies the termination of parental rights under the provisions of this section.

CONCLUSION
The Master suggests and recommends that the minor child, C____ W____ *616 B____, be remanded to the custody of the respondents, V____ T____, W____ D____ and E____ D____; and that the costs be assessed against the petitioner."
In accordance with the foregoing, it is the decree and mandate of this Court that the care and custody of C____ W____ B____, a minor, be, and hereby is, remanded to his maternal grandmother V____ T____ and maternal great-grandparents W____ D____ and E____ D____; that the costs of these proceedings be, and hereby are, taxed against petitioner M____ C____ B____.
HOGAN and TITUS, JJ., concur.