587 S.W.2d 945 (1979)
In the Matter of S. C. H. et al., Petitioners-Respondents,
v.
C. W. H., Defendant-Appellant.
No. 40592.
Missouri Court of Appeals, Eastern District, Division Three.
September 18, 1979.
*946 J. Martin Hadican, St. Louis, for defendant-appellant.
Ellsworth Cundiff, Jr., Frederick W. Drakesmith, St. Charles, for petitioners-respondents.
REINHARD, Presiding Judge.
The natural father appeals from a decree of adoption. The petitioners are the children's mother and her present husband. The natural father did not consent to the adoption. However, consent is not required of a parent "who has for a period of one year immediately prior to the filing of the petition for adoption, either willfully abandoned the child or willfully neglected to provide him with proper care and maintenance". [Section 453.040[4] RSMo.1969.]
The marriage of the father C.W.H. and mother J.W.A. was dissolved on September 27, 1976. The decree of dissolution awarded custody of the two children to the mother, with visitation rights in the father; and ordered the father to make weekly child support payments of $17.50 per child. On October 21, 1976, the mother married J.G.A.; the children have been in the mother's custody and more recently the custody has been shared by the mother's new spouse. Since the dissolution, petitioners filed their petition for adoption on October 25, 1977 alleging abandonment and neglect by C.W.H. The children, a girl and a boy, were aged 6 and 4, respectively, at that time. After a hearing the court found that the natural father had both willfully abandoned and neglected the children. The court made the additional necessary findings and ordered adoption.
On appeal defendant contends that the evidence does not support the court's findings.
At the hearing the mother testified that, with the exception of a few telephone calls following the divorce and early in the one-year statutory period, defendant had attempted to have no contact with the children. She also claimed that although one such call took place on the son's birthday, defendant was apparently unaware of the birthday and failed to inquire about the children altogether. She stated that defendant had never sent any letters, cards, birthday or Christmas presents to the children and refused to visit them in her home. She also maintained that defendant was always either aware of her current address and telephone number, or able to contact her through her mother following a move to a new address. Defendant in turn claimed that his failure to visit the children at their home with petitioners was due to the fact that the same was too restrictive an arrangement. Petitioner, J.W.A. stated that her insistence on the in-home visitation policy was due to defendant's extensive history of drinking problems. While acknowledging this history, defendant claimed to have mastered the problem, not having consumed *947 any alcohol since approximately a month before the divorce.
The record shows that defendant in early 1977 filed a motion to modify the dissolution decree seeking custody of the children on the ground that the mother was living with another without the benefit of marriage. Petitioners' response to this motion disclosed the fact of their marriage together with their current address, and defendant pursued the modification proceedings no further.
The standard of appellate review announced in Murphy v. Carron, 536 S.W.2d 30 (Mo. banc 1976) is, of course, applicable to adoption proceedings, Adoption of Mike and Russ, 553 S.W.2d 706 (Mo.App.1977). Accordingly, we must sustain the action of the trial court unless there is no substantial evidence to support its finding that defendant willfully abandoned or neglected the children. Alternative definitions of the term "willfully abandoned" have been held to be:
. . . first, a voluntary and intentional relinquishment of the custody of the child to another with the intent to never again claim the rights of a parent of perform the duties of a parent; or second, an intentional withholding from the child, without just cause or excuse, by the parent, of his presence, his care, his love, and his protection, maintenance, and the opportunity for the display of filial affection.
In re Watson's Adoption, 283 Mo.App. 1104, 195 S.W.2d 331, 336 (1936).
The term "willful neglect" has been construed to mean neglect that is:
. . . intentional, deliberate, and without just cause or excuse, evincing a settled purpose to forego . . . parental duties over the period of time which the statute prescribes . . .
In re Perkins, 234 Mo.App. 716, 117 S.W.2d 686, 692 (1938).
Defendant cites several cases to support his contention that the evidence below was insufficient to constitute either of the just-defined statutory terms. We note that while reference to other abandonment and neglect cases may provide some helpful guidance in reaching a decision, the very nature of these proceedings is such that each case must ultimately turn on its own unique set of facts, In re Adoption of P.D.K., 359 S.W.2d 360 (Mo.App.1962).
After a careful review of all the evidence we find sufficient evidence to sustain the action of the trial court on its findings of constructive consent based on willful neglect.
"Willful abandonment" has been found to be a positive act whereas "willful neglect" is "more of a negative proposition, simply the failure to perform the duty with which a parent is charged by law and by conscience. The intent therefore must usually be inferred from the facts and circumstances. Such facts and circumstances would, of course, exclude a finding of willfulness where the neglect occurred because of things beyond the control of the parent which were not his fault." In re C.C.&C., 380 S.W.2d 510, 515 (Mo.App.1964).
By applying the guidelines set out in In re Perkins, supra, we find that defendant did willfully neglect his children by not providing them with the proper care and maintenance. By the defendant's own testimony, he provided no financial support for the children during the statutory period preceding the filing of the adoption petition. One payment of $70.00 predated that period and the two smaller payments made after the filing of the petition are self-serving and may properly be disregarded by the court as having no bearing on the issue of constructive intent to abandon or neglect. D.A.Z. and R.M.Z. v. M.E.T., 575 S.W.2d 243 (Mo.App.1978). Failure to support is alone not enough. It must be intentional. There was evidence in the record of defendant's ability to contribute to the support of the children and this alone with the other evidence before the court was sufficient to show that the failure was intentional and without excuse. Defendant in his motion to modify apparently asked for no relief as to support payments.
*948 Defendant's failure to contribute to the financial support of his children coupled with the other evidence as to lack of contact with them was sufficient to sustain the trial court on its findings of willful neglect in failing to provide proper care and maintenance. The willful neglect having occurred for at least one year before the filing of the petition, the father's consent was unnecessary for the adoption.
Our conclusion that the evidence sufficiently established defendant's willful neglect being dispositive, it is unnecessary to address the issue of willful abandonment. However, by way of admonition as to any such cases in the future, this court wishes to note that it is somewhat troubled by the finding of abandonment below in light of defendant's motion to modify seeking custody of the children. We are cognizant that such motions may conceivably be instituted for purposes both unstated and ulterior to the actual obtaining of custody, and consequently do not mean to suggest that the filing of such a motion during the statutory period should automatically preclude as a matter of law a finding of abandonment. However, such actions are strong and persuasive indicia that no willful abandonment has taken place, and a trial court concluding otherwise should express in its findings with some particularity its reasons for disregarding activity seemingly demonstrating such strong parental interest.
Judgment affirmed.
GUNN and CRIST, JJ., concur.