In the Matter of Petition for Termination of Parental Rights to
SCHULTZ CHILDREN.

Linda Schultz LEWIS, Appellant,

v.

Roger COOK, Juvenile Officer, Respondent.

No. 42131.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 2, 1980.

Gerald J. Harvath, Pacific, for appellant.

Weil, Young, Buescher & Tobben, David B. Tobben, Union, for respondent.

CRIST, Judge.

Proceeding under § 211.447.2(2)(f), RSMo. 1978 to terminate the parental rights of a father and appellant mother in their natural children. The trial court, acting pursuant to respondent's amended petitions, terminated the rights of the parents and the mother appeals. There were originally four petitions filed; one for each of the couple's four children. All were heard on a consolidated basis. We affirm.

Section 211.447.2(2)(f) allows the juvenile court, upon a petition filed by the juvenile officer, to terminate the rights of a parent (or parents) to a child (or children) if it finds that such termination is in the best interest of the child and, when it appears by clear, cogent and convincing evidence that,

"(f) The parent, who is both legally required and financially able, has failed to support the child for a period of six months."

Appellant mother (hereinafter mother) does not debate the fact that she failed to contribute to the children's support for a period in excess of six months. Neither does she dispute that she was "legally required" to provide such obligatory support. See *Roberts v. Roberts*, 553 S.W.2d 305 (Mo. App.1977). Her only contention (and indeed the only issue left unresolved) is that there existed no clear, cogent and convincing evidence that she was financially able to so contribute. Thus, our evidentiary portrait is narrowly drawn.

The couple's four children had been under the care of the Division of Family Services (hereinafter "Division") by court order as of August 18, 1976, which followed a complaint against their father, with whom they were living, due to poor living conditions. Mother later agreed to Division supervision and foster care as she was unemployed and lacked suitable housing. Subsequently, after finding employment at the minimum wage (and an arrangement whereby she lived with her mother and paid a mere $40.00 per month for room and board), she also agreed to contribute $60.00 a month to the Division for her children's support. This sum was mutually agreed upon and evidenced by writing.

Mother's employment history was checkered. She exhibited a penchant for quit-

ting jobs. However, at no time during her various terms of employment, particularly during the six–month period in question (which ran from March 6, 1978 to September 6, 1978), did mother's income accrue to less than $98.00 per week. Her "journey-person" style of employment found her at Tri–County Restaurant for four months; Holiday Inn for a day; and, Town and Country Retirement Home for an additional four months. She failed over considerable periods of time to exercise her visitation privileges with the children.

After consideration of the above circumstances, in addition to other evidence adduced, the following conclusions seem justified: (1) That mother was twenty–nine years old, in good health, but with an eighth grade education; (2) That although she was almost invariably relegated to employment at the minimum wage, she successfully arranged inexpensive living accommodations for herself; (3) That had she been genuinely interested, she was capable of committing some small pittance for the support of her children as she had, in fact, agreed to do; (4) That in large measure, her periods of unemployment were either self-imposed or, the result of her cavalier attitude toward the conditions of her employment; and, (5) That her lack of expressed monetary interest in her children was accompanied by a general inattentiveness to her familial obligations.

The evidence and the reasonable conclusions to be drawn therefrom, when coupled with appellant mother's own admissions, present clearly, cogently and convincingly that mother was financially able to provide child support and yet, did not. See *Matter of C___ W___ B___*, 578 S.W.2d 610 (Mo. App.1979).

Judgment affirmed.

DOWD, P. J., and REINHARD, J., concur.