In the Interest of Jimmy Lynn
GOWEN, Male, Age 4.

Andrew ZEMCUZNIKOV, Respondent,

v.

Shirley Gowen FORD, Appellant.

No. 42530.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 25, 1980.

Terry R. Rottler, Ste. Genevieve, for appellant.

Dennis E. McIntosh, Farmington, for respondent.

CRIST, Presiding Judge.

Proceeding under § 211.447 2.(2)(a)b, RSMo. 1978 and § 211.447 2.(2)(b), RSMo. 1978 to terminate the parental rights of appellant (hereinafter "mother") in her natural, four year old, child (hereinafter "son"). The parental rights of the father of son were terminated on November 15, 1979. On December 8, 1979, the parental rights of mother were terminated. Mother appeals. We affirm.

Section 211.447 2.(2) allows the juvenile court, upon a petition filed by the juvenile officer, to terminate the parental rights of parent to her child if it finds that such termination is in the best interest of the child and, when it appears by clear, cogent and convincing evidence that:

(a) The parent has abandoned the child. The court may find that the parent has abandoned the child if, for a period of six months or longer . . .

b. The parent has, without good cause, left the child without any provision for support and without any communication or visitation from the parent. *Evidence that the parent has acted to support, to communicate with or to visit the child during the*

*period may be disregarded if such acts of the parent appear to have been merely a token effort*; (Emphasis added)

(b) The parent has neglected, without good cause, the child for a period of six months prior to the filing of the petition. The term "neglected" as used here is the failure of a parent to provide, on a continuing basis, the care, guidance and control necessary for the physical, mental, and educational well-being of a child; or the failure to provide a child who is in the legal or actual custody of others with a continuing relationship, such as, but not limited to, communication or visitation, and, to the extent the parent is financially able, the failure to provide for the child's care. In those circumstances where the child is not in the legal or actual custody of the parent, the person or agency having legal or actual custody of the child must show that an appropriate plan approved by the court has not been reasonably complied with by the parent or has been unsuccessful, and that the parents were notified of the court approved plan and had at least ten days in which to request a hearing on such plan. *Token efforts by the parent shall not be sufficient to defeat a finding of neglect*; (Emphasis added)

■ The court found both abandonment and neglect of son under (a) and (b) above. Mother contends there existed no clear, cogent and convincing evidence of abandonment or neglect. Clear, convincing and cogent evidence of either is sufficient. V.A.M.S., § 211.447 2.(2); see, *In Interest of J.A.H.*, 592 S.W.2d 888, 889 (Mo.App.1980). We find such evidence on both abandonment and neglect. We choose to write on the question of abandonment.

Chapter 211, RSMo. was substantially overhauled in 1978, in part to deal with the problem of parents who maintained only a superficial and tenuous relationship with their children. In the case at bar, the trial court found mother had made only a token effort to care for son. See, *Matter of C___W___B___*, 578 S.W.2d 610, 615

(Mo.App.1979) (where the legal father was denied custody of his child by reason of his failure to support such child according to the conduct defined by § 211.477 2.(2)(a)b.)

■ The following evidence adduced at the hearing substantially supports the trial court's findings and conclusions. Son was born April 21, 1975. The Division of Family Service (hereinafter "division") has had continuous, uninterrupted custody of son since September of 1976. The juvenile court made a determination of neglect on February 21, 1978. Legal custody was vested in division, which in turn placed son in a foster home in St. Marys, Missouri, a small town about 11 miles southerly from Ste. Genevieve, Missouri.

From July 18, 1978 until February 27, 1979, mother had no visits with son and made no financial contributions for his support. Mother was living and working in Perryville, a short distance southerly from St. Marys, during this period.

Mother was advised in March of 1979, that the division had recommended her parental rights be terminated. On March 27, 1979, mother agreed in writing with the division to take affirmative steps to increase her visitation with and support of son. Mother visited her son five times from March 27, 1979 to April 14, 1979. The total financial contribution by mother to the division consisted of two $20.00 money orders received in May and June of 1979.

Mother took a job with a traveling amusement firm in May, 1979. She made no attempt to see son after April 17, 1979, even though she was in Ste. Genevieve for seven days in the summer of 1979 and again in September to attend a hearing terminating the parental rights of the natural father of son. Mother mailed a few letters and cards to son, and made a few phone calls, but did not see him from April 17, 1979 until the trial to terminate her parental rights on December 18, 1979.

Mother remarried on April 25, 1979. Her new husband had never seen son at the time of the marriage. Mother knew son had a speech impediment and was being treated, but she knew little about son's therapist.

From these facts the trial court could, and did, find for a period of more than six months mother had abandoned son since mother's actions to support, to communicate with, and to visit son were merely token efforts.

■ Mother's second point states as follows:

THE TRIAL COURT ERRED PREJUDICIALLY IN PERMITTING THE INTRODUCTION OF EVIDENCE PERTAINING TO THE ALLEGED ABANDONMENT OF THE MINOR CHILD FROM JULY 18, 1978 to FEBRUARY 27, 1979 OVER APPELLANT'S OBJECTIONS AND IN PERMITTING RESPONDENT TO AMEND HIS PLEADINGS TO CONFORM TO SAID EVIDENCE FOR THE REASONS THAT SAID ALLEGED ABANDONMENT WAS NOT PLEADED IN SUCH A WAY AS TO STATE SAID PERIOD OF TIME OR DEFINE AND PARTICULARIZE SAID ALLEGED CONDUCT AND DID NOT OCCUR WITHIN SIX MONTHS PRIOR TO THE FILING OF THE PETITION.

This point must be denied for several reasons. There are no pertinent transcript references in the argument portion of her brief in violation of Rule 84.04(h). The pleadings of abandonment for six months or more was in the words of the statute. This was sufficient to apprise mother of the pendency of the proceedings and make clear the charges against her which she would need to defend. See, *Matter of Trapp*, 593 S.W.2d 193, 198 (Mo.1980). Mother's brief fails to show what objection was made or where it can be found in the transcript, nor do we find specific objection to the pleadings. There was no motion for a more definite pleading. Mother has not shown she was prejudiced by the pleading or the amendment to conform to the evidence. The record does not show any prejudice to son by the amendment. There is no question but that mother was notified with sufficient particularity of the ultimate facts pertaining to the termination of her parental rights. Mother's conduct constitu-

ting abandonment occurred during the six months or more before the petition was filed on November 17, 1979. Abandonment was continuous throughout the required period of six months or more and was not repented or terminated by acts amounting to mere token efforts. See, *In Interest of T.H. v. Ambelang*, 497 S.W.2d 210, 212 (Mo. App.1973).

Finally, mother complains about the introduction of the agreement by and between mother and division because the agreement was not an approved agreement, contrary to the requirements for a finding of neglect under § 211.447 2.(2)(b). This point is moot in light of our finding of sufficient evidence of abandonment under § 211.447 2.(2)(a)b.

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.