v.

George WILLIAMS, Respondent.

No. 42739.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 3, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 16, 1981.

Application to Transfer Denied
March 9, 1981.

W. Morris Taylor, Clayton, for petitioners.

John A. Walsh, Jr., St. Louis, for respondent.

DOWD, Presiding Judge.

This is an original proceeding in habeas corpus brought by the natural father of two minor children to obtain custody of the children who allegedly are being unlawfully restrained of their liberty by their stepfather.

Petitioner, M.P.M., was married to R.(M.)W. Two children, both daughters, were born of this marriage, M.L.M., age twelve and G.M.M., age nine. In June, 1973, a decree of dissolution of marriage was entered into between the natural parents, giving primary care, custody and control of the minor children to R.(M.)W. In 1975, R.(M.)W. married respondent, George Williams. The natural mother, R.(M.)W., was killed in an automobile accident on November 26, 1979. Thereafter, the minor children continued to reside with their stepfather, George Williams, who refused to return physical custody of the children to petitioner.

Petitioner filed his petition for habeas corpus in this court on March 20, 1980. After receipt of the petition, respondent's return [1] and petitioner's answer, this court, pursuant to Section 211.051 RSMo 1978 certified the cause to the Circuit Court of St. Charles County, Juvenile Division, for a prompt evidentiary hearing and to file with this court findings of fact, conclusions of law and recommendation. An evidentiary hearing was held on May 21, 1980, before the Honorable David A. Dalton. His findings of fact, conclusions of law, and recommendation, with abbreviations to protect the identity of the parties, were as follows:

## "FINDINGS OF FACT

Petitioner, M.P.M., is the natural father of M.L.M., born October 8, 1968 and G.M.M., born January 14, 1971.

The minor children's natural mother, R.(M.)W., died in a vehicular collision, on November 26, 1979.

That on or about the 12th day of June, 1973, a Decree of Dissolution of the marriage was entered into between petitioner and natural mother, R.(M.)W.

That said Decree of Dissolution provided inter alia, that decedent, natural mother, should have primary care, custody and control of the minor children and that petitioner should have temporary custody.

---

1. Because respondent alleged in his return to the writ that petitioner was unfit to have custody of the children the cause was certified for an evidentiary hearing.

That decedent, natural mother, was remarried on April 12, 1975 to one George Williams and that said minor children resided with decedent, natural mother and George Williams in the County of St. Charles, State of Missouri.

The natural mother died on or about November 26, 1979, at which time the Decree of Dissolution heretofore entered had never been modified.

The Court further finds that the evidence concerning purported misconduct on behalf of petitioner, alluded to his bad temper, drinking and two incidents wherein petitioner purportedly molested two young females. The purported incidents took place in 1971 and 1976 respectively. However, the credibility of the witnesses is questioned by this Court: Peggy Jackson indicated petitioner put his hands on her in 1971. Sharon Schnick, married and divorced from petitioner in the period of 1973 to 1976, testified regarding an incident concerning her daughter, who resides in St. Louis, but was not present to testify. Ms. Schnick indicated petitioner got into bed with her daughter, who was disrobed and fondled by petitioner. This was refuted by petitioner and the Court questions the credibility of Sharon Schnick particularly in light of the fact that Ms. Schnick admitted on cross-examination that the dissolution between she and petitioner was not on friendly terms.

The Court finds that there is no evidence concerning any misconduct or misbehavior on the part of petitioner in recent years and particularly from 1976 to date hereof. The Court further finds that there was no evidence of any misbehavior or misconduct by petitioner in the presence of the minor children M.L.M. and G.M.M.

The Court further finds from the testimony of all witnesses that petitioner loves his children and has demonstrated said love and stays with them constantly during periods of temporary custody. The Court finds that petitioner did miss approximately twenty-five (25%) of his periods of temporary custody during the year 1979, but that these periods of temporary custody were missed due to petitioner working at the time he was to have temporary custody.

The Court further finds that the minor children have never made any complaints to any person or persons concerning petitioner, natural father.

The Court further finds that witness Sharon Schnick has not seen or been in the presence of petitioner since 1976. That witness Peggy Jackson has not seen or been in the company of petitioner since 1974. That witness James F. O'Connell (maternal grandparent) has not seen or been in the presence of petitioner since 1973 and had never heard or seen any abuse to the minor children by petitioner. That witness Gary Voss had not seen or been in the presence of petitioner since 1973 and at no time has heard of any abuse or mistreatment of the minor children by said petitioner.

That witness George Williams resided with the minor children after his marriage to decedent R.(M.)W. from April, 1975 to November 26, 1979. That during this period of time said George Williams worked the late shift from 3:00 p. m. to 11:00 p. m. The Court further finds that George Williams has expressed love for the minor children and said minor children have expressed love for George Williams and that he has promoted the activities of the minor children since the death of the natural mother.

The Court further finds that George Williams previously had two minor children of his own, but that he gave his own natural children up for adoption in 1974, which is the last time he had any social contact with said minor children. The Court further finds that George Williams, subsequent to the divorce of his first wife, had only temporary visitation and was not able to take the minor children from the home of his ex-wife.

The Court finds that witness Joe Hallom, marriage counselor with Missouri Baptist Children and Family Services, saw petitioner and Sharon Schnick in 1976 on one or two occasions. Mr. Hallom did not bring any records and the Court finds that this was marriage counseling between petitioner

and Sharon Schnick, at which time some "explanation of a sexual matter" was discussed. The Court finds that Mr. Hallom was not able to provide any "definitive information" regarding the behavior of petitioner.

The Court further finds that the maternal family of the minor children is very interested in the well being of said minor children and offered no testimony detrimental to petitioner as to his fitness as a father.

The Court further finds that the natural mother of petitioner sees the children often and finds a loving relationship between petitioner and the minor children. The Court finds that petitioner is of a mild temper, has mild drinking habits and has never been intoxicated in the presence of the said minor children. The Court further finds that petitioner's natural mother has never received any complaints from decedent, R.(M.)W., or the minor children concerning the conduct of petitioner.

The Court further finds that petitioner had, prior to the demise of R.(M.)W. been taking said minor children to church and participating with said children on an active basis during periods of temporary custody, including boating, cooking meals together, shows, bowling, skating and softball.

The Court further finds that petitioner is currently employed and able to support said minor children and that he works from 8:00 a. m. to 4:30 p. m. Petitioner has expressed and shown love for the said minor children and same has been reciprocated. That there are adequate facilities in the petitioner's home and provisions have been made for the care of said minor children immediately after school. Petitioner has remained in constant and regular contact with the minor children since the time of dissolution.

The Court finds that the present character of the said petitioner is not such as to make him unfit as the natural guardian and custodian of said minor children.

The Court further finds that the two minor children are well adjusted and both stated that irrespective of how the Court rules as to their primary custody they want to maintain temporary custody with the other.

## CONCLUSIONS OF LAW AND RECOMMENDATION

The Court concludes that George Williams who is of no blood relationship to said minor children, M.L.M. and G.M.M. is capable, fit and suitable to have the custody of said minor children.

The Court further concludes that petitioner, natural father of said children is capable, fit and suitable to have the custody of said minor children.

The Court further concludes that all things being equal, the legal rights of the natural father outweigh the rights of the former step-father.

The Court further concludes that the best interests of the children would best be served by placing them in the custody of their natural father, M.P.M., with visitation and temporary custody with the maternal grandparents all under the continuing supervision of the Division of Family Services and the jurisdiction of this Court."

■■■ This court has jurisdiction, pursuant to Section 4, Article V, of the Missouri Constitution, to issue and determine original remedial writs, including writs of habeas corpus. Habeas corpus is the proper proceeding where, as here, the natural parent seeks to regain custody of his or her minor children who are held by a third party without the authority of a court order or decree. *Ex parte Ray*, 573 S.W.2d 152, 155 (Mo.App.1978).

■■■ In this proceeding, the scope of our inquiry is limited to a determination of petitioner's fitness to secure custody of his minor children and to an award of custody that will promote the best interests of the children. *G.C.J. v. G.G.*, 510 S.W.2d 193, 195 (Mo.App.1974). The law presumes that the best interests of the minor children are best served by the vesting of custody in the parent. It is well established that the parent has the superior right to the custody of his or her minor children as against third

persons. This right will not be denied in a contest between a parent and a third party unless it is established that the parent is an unfit person or is unable to care properly for the minor children. *In the Matter of C___W___B*, 578 S.W.2d 610, 614 (Mo.App.1979); *In re S___*, 306 S.W.2d 638, 641 (Mo.App.1957); *Cox v. Carapella*, 246 S.W.2d 513, 514–515 (Mo.App.1952).

The burden of proof of petitioner's unfitness is upon respondent. The determination of the issue of the custody of the minor children must be based on present existing conditions. Evidence of past conduct, conditions and attitudes are material only to the extent that they clarify and cast light on existing conditions. *Ex parte Ray, supra; In re S___, supra.*

This matter was certified to the Circuit Court of St. Charles County, Juvenile Division, under the authority of Section 211.051 RSMo. 1978. A full evidentiary hearing was had wherein the parties had an opportunity to be heard, to be represented by counsel, present witnesses and cross-examine adverse parties and witnesses. Thereafter, the transcript of these proceedings and Judge Dalton's findings of fact, conclusions of law and recommendation were filed with this court. We are not bound by these findings of fact or conclusions of law, and we review the entire record to determine whether or not under all the evidence adduced we reach the same results as made by the Judge of the Juvenile Court. *B.S.P. v. W.W.W.*, 411 S.W.2d 834, 835 (Mo.App.1967); *In re Barger*, 365 S.W.2d 89, 95 (Mo.App.1963). In reviewing these proceedings we are cognizant of Judge Dalton's superior opportunity to judge the credibility and character of the witnesses. After careful examination of the testimony taken at the hearing together with Judge Dalton's findings of fact, conclusions of law and recommendation and the objections to the findings and conclusions by counsel we believe the Judge reached the correct and proper result. We therefore adopt his findings of fact, and his conclusions of law that petitioner is capable, fit and suitable to have the custody of his minor children and that the best interests of the children would best be served by placing them in his custody.

It is therefore the decree and mandate of this court that the care and custody of M.L.M. and G.M.M. be and is hereby placed with their natural father, M.P.M., under our writ herein, and that the physical custody of said minor children be immediately and forthwith transferred to the natural father, M.P.M., with all and sundry concomitant legal rights and obligations of parent and child.

CRIST and STEPHAN, JJ., concur.