**In the Interest of H. D., a minor under the age of 17 years, Respondent,**

v.

**E. D., Appellant.**

**No. 43632.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 23, 1982.

Elbert Dorsey, Collier & Dorsey, St. Louis, for appellant.

Suzanne E. Rechtin, St. Louis, for respondent.

SNYDER, Judge.

E. D. appeals from the trial court's judgment which terminated her parental rights over her daughter, H. D. The judgment is affirmed.

Respondent filed a motion to dismiss the appeal on the grounds that the appellant's notice of appeal was not timely filed. The notice was timely filed pursuant to Rule 81.04 and the motion is denied.

Appellant first contends that the trial court's decision was against the weight of the evidence. She claims that her contacts with her child refute any claim that she abandoned the child. Second, although the point is extremely vague, this court believes appellant is contending that the trial court erred in finding abandonment of H. D. because she secured a third party's gratuitous promise to care for the child for an indefinite period of time. Appellant argues that this constitutes providing support for the child.

Appellant gave birth to H. D. on December 25, 1976. The natural father disappeared while appellant was pregnant and has not been seen since. Appellant testified that from 1976 until December 1978 Alma Hawkins assisted appellant in caring for H. D. Mrs. Hawkins testified that appellant, except for a period of a few weeks, had done virtually nothing to care for the child and that she, Mrs. Hawkins, had taken care of the child during that time.

In December, 1978 appellant told Mrs. Hawkins that she was leaving Missouri and did not know when she would return. Mrs. Hawkins agreed to care for the child. Mrs. Hawkins did not request or expect appel-

lant to pay her for caring for H. D. Appellant left Missouri because her male companion was leaving to avoid a drug rehabilitation program, a condition of his parole. Another reason for her leaving was that her brother's girlfriend had stolen her driver's license and was using it to pass bad checks, and appellant was fearful the police were looking for her.

Appellant did not return to Missouri until August, 1980. While appellant was gone she sent Mrs. Hawkins one postcard, in January, 1979, and one money order for $25.00. Mrs. Hawkins said she did not receive the money order. Appellant telephoned Mrs. Hawkins between 4 and 10 times in the 20 month period. Appellant never gave Mrs. Hawkins a mailing address or phone number where she could be reached. Mrs. Hawkins could contact appellant through appellant's friend, Theresa Champion. This did not prove completely effective since some of Mrs. Hawkins' messages regarding changes of address and telephone number did not get through.

Appellant worked most of the time that she was away from Missouri. She testified that she was never out of work for more than a week at a time. Her largest paycheck during this period was $222 for two weeks. She did not send any more money to Mrs. Hawkins because her boyfriend made her give him all the money she earned.

Appellant also testified she had her friend, Ms. Champion, keep an eye on the child. Ms. Champion visited with H. D. at least twice a week. Ms. Champion provided Mrs. Hawkins with transportation to go shopping and to take H. D. to the doctor.

When appellant returned she did not take custody of H. D. She came by twice to get the child, but the first time the child was asleep and the second time it was raining. On September 4, 1980 the Division of Family Services took temporary custody of H. D.

All parties agree Mrs. Hawkins took very good care of the child.

On October 22, 1980 the juvenile court terminated appellant's parental rights. The court ruled appellant had abandoned her child.

Appellant's first contention that the judgment is against the weight of the evidence is ruled against her.

■■■■ Appellate courts may not reverse a court-tried case unless there is no substantial evidence, unless the holding is against the weight of the evidence, or unless the trial court erroneously applied the law. Appellate courts may reverse a decision as against the weight of the evidence only if they have a firm belief that the judgment is wrong. Rule 73.01. *Murphy v. Carron*, 536 S.W.2d 30, 32[1–3] (Mo. banc 1976).

Under § 211.447.2(2)(a), RSMo 1978, the juvenile court may terminate parental rights if the parent abandoned the child. Abandonment is established if there is clear, cogent and convincing evidence that for a period of six months or longer, and if the child is more than one year old,

"The parent has, without good cause, left the child without any provision for support and without any communication or visitation from the parent. Evidence that the parent has acted to support, to communicate with or to visit the child during the period may be disregarded if such acts of the parent appear to have been merely a token effort, . . . ."

§ 211.447.2(2)(a)b, RSMo 1978.

■■■ The juvenile court's finding that appellant abandoned H. D. is not against the weight of the evidence. If anything would define token efforts, appellant's conduct would. Appellant had no good cause for leaving her child. For 20 months appellant never saw her child. She never told the custodian of her child where she was. For a year and eight months her total communication with either the child or Mrs. Hawkins was one postcard and 4 to 10 telephone calls. Although she worked regularly, her entire contribution toward the child's care was only $25.00 which Mrs. Hawkins said she had not received. This lack of contribution alone would be sufficient to terminate appellant's parental rights. § 211.447.-

2(2)(f), RSMo 1978; *Matter of Schultz Children*, 605 S.W.2d 201, 202 (Mo.App.1980).

The legislature revised the statute to take care of situations where parents have only tenuous relations with their children. *In the Interest of Gowen*, 610 S.W.2d 319, 320[1] (Mo.App.1980). *See In the Interest of JJM*, 592 S.W.2d 862, 864 (Mo.App.1979); *Matter of CWB*, 578 S.W.2d 610, 614–615[7] (Mo.App.1979). Appellant falls into this category. The court's decision was not against the weight of the evidence.

■ Appellant's second point is that the trial court erred in finding abandonment because appellant contends she provided support for H. D. She argues that securing Mrs. Hawkins' gratuitous promise to care for H. D. constitutes providing support for purposes of the statute. The point is ruled against appellant.

Appellant claims the statute only requires her either to provide support or to communicate or visit with the child. This seems to be the correct interpretation since the section quoted above states that abandonment requires a lack of support *and* communication or visitation. § 211.447.2(2)(a)b. Note, however, that under § 211.447.2(2)(f) a lack of support alone is sufficient to terminate parental rights even if abandonment is not established.

Appellant claims that she provided support. She asserts that securing Mrs. Hawkins' gratuitous promise to care for the child constitutes providing support. This court cannot accept appellant's novel argument.

Under appellant's theory a parent could have absolutely no contact with his child, spend no money on the cost of raising his child, and take no responsibility for rearing his child and yet still not abandon his child because he first asked someone else to take care of the child. Such a theory is contrary to established definitions of abandonment. *See SCH v. CWH*, 587 S.W.2d 945, 947[1] (Mo.App.1979); *In re Ayres*, 513 S.W.2d 731, 735[5, 6] (Mo.App.1974).

Of course, this court recognizes that where there is good cause because of a temporary situation a parent may leave a child in the custody of a third party without abandoning the child. *See In re Ayres, supra* at 735[7, 9]. However, no such good cause exists here. Appellant chose to go with her boyfriend rather than care for her child. She rejected the alternatives of leaving her boyfriend, taking her child with her on the trip or paying Mrs. Hawkins for caring for H. D. These reasonable alternatives negate any claim of the existence of good cause.

Appellant's "provision of support" by asking Mrs. Hawkins to care for H. D. can at best be seen as token support which the court could properly ignore. *In the Interest of Gowen, supra.*

The judgment is affirmed.

REINHARD, P. J., and CRIST, J., concur.